J-S66025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| NATHAN JOSEPH REIGLE | |
| Appellant | No. 2122 MDA 2015 |

Appeal from the Judgment of Sentence May 7, 2015
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0001020-2013

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 31, 2016**

Appellant, Nathan Joseph Reigle, appeals from the judgment of sentence entered after his parole was revoked *in absentia*. In this appeal, Reigle contends that his due process rights were violated when the trial court failed to ensure he had notice of the hearing. After careful review, we conclude that the record cannot conclusively establish that Reigle had notice of the hearing and knowingly and voluntarily surrendered his right to be present and be represented by counsel.[1] We therefore vacate the judgment of sentence and remand for further proceedings.

---

[1] We note with reproval the Commonwealth's failure to either file a brief in response to the instant appeal or to otherwise inform this Court that it did not intend to file a response to the arguments raised in Reigle's brief.  We are therefore constrained to remind the Commonwealth that an appellee is
*(Footnote Continued Next Page)*

Preliminarily, we must address our jurisdiction to hear this appeal. It is undisputed that the trial court imposed sentence on May 7, 2015. Thus, as Reigle did not file a post-sentence motion, he was required to file a notice of appeal by June 8, 2015.[2] **See** Pa.R.A.P. 903(c)(3).

A handwritten, *pro se* document entitled "Motion for Parole Revocation Direct Appeal" is time stamped June 19, 2015. In this document, Reigle asserts that his due process rights were violated and requests that the trial court grant his "motion for direct appeal." The timestamp further indicates that copies of this document were sent to the District Attorney's office as well as to Kathleen Lincoln, Esquire. Attorney Lincoln is employed by Northumberland County as conflicts counsel.

It is undisputed that at the time of the parole revocation hearing, Attorney Lincoln was no longer appointed to represent Reigle. Thus, at that time, Reigle was unrepresented. The trial court never addressed Reigle's filing, and, on December 1, 2015, Reigle's current counsel filed an appeal.

The trial court opines in its opinion pursuant to Pa.R.A.P. 1925(a) that Reigle's appeal is untimely. However, the

_(Footnote Continued)_ ─────────────────

required to file a brief that at minimum must contain "a summary of argument and the complete argument for the appellee." **Commonwealth v. Pappas**, 845 A.2d 829, 835 (Pa. Super. 2004) (*citing* Pa.R.A.P. 2112).

[2] Thirty days from May 7 was Saturday, June 6, 2015. Thus, the appeal period ran until June 8. **See** 1 Pa.C.S.A. § 1908 (providing for computation of time).

[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902. "A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective." **Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014). While a Prothonotary may inspect documents to ensure they are compliant with requirements, its power to reject non-compliant documents is limited to notification of the filing party so that a defect may be corrected through an appropriate filing. **See Commonwealth v. Willis**, 29 A.3d 393, 396 (Pa. Super. 2011).

Here, Reigle's "Motion for Parole Revocation Direct Appeal" is sufficiently clear to indicate his desire to file a direct appeal from his parole revocation. If timely, it is sufficient to perfect our jurisdiction, and the defects may be cured through an appropriate filing. The counseled December 1, 2015 notice of appeal was sufficient to cure the defects.

Thus, we must determine whether Reigle's *pro se* notice of appeal was timely filed. Under the prisoner mailbox rule, timeliness of a filing from an incarcerated *pro se* party is measured from the date the prisoner places the filing in the institution's mailbox. **See Smith v. Pa. Bd. Of Prob. and Parole**, 683 A.2d 278, 281 (Pa. 1996). This rule applies to "all appeals from *pro se* prisoners[.]" **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa.

1997) (citation omitted). Reigle's certificate of service indicates that he placed his *pro se* notice appeal in the institution's mailbox on June 5, 2015. The Commonwealth has not challenged this certification. We therefore conclude that Reigle timely filed his notice of appeal pursuant to the prisoner mailbox rule. We have jurisdiction.

Turning to the merits of Reigle's appeal, we note that a defendant's right to be present at all critical stages of a criminal prosecution is enshrined in both the United States and Pennsylvania Constitutions. **See Commonwealth v. Kelly**, 78 A.3d 1136, 1141 (Pa. Super. 2013). In non-capital cases, however, this right may be explicitly or implicitly waived. **See Comonwealth v. Wilson**, 712 A.2d 735, 737 (Pa. 1998). "The waiver must be knowing and voluntary." **Id**. In cases of implicit waiver, it is the Commonwealth's burden to establish that the defendant was absent without cause. **See id**.

The Commonwealth presented the testimony of Matthew Narcavage, Reigle's parole officer:

Q. Are you involved in the supervision of Nathan Reigle?

A. That's correct, I do currently supervise the defendant who is incarcerated at the state correctional facility in Coal Township, Pa.

Q. Was Mr. Reigle advised that he would be having a hearing today?

A. Yes.

Q. Would you explain to the Court why he is not here?

- 4 -

A.    I would like to add that the defendant was scheduled actually for two bench warrant hearings. He failed to appear for those. He was scheduled to have a Gagnon I hearing, and a revocation hearing this morning.

Q.    What is your understanding of why he has not come to those?

A.    He refuses to come to the hearing. *I do have notice that he did receive sending the information to him for the date and the time of the hearing.*

Q.    Was transportation arranged to bring him here in the event that he was willing to come?

A.    That's correct, *I was informed by the officers who were going to do the transport that, when they had contacted them to find out where the defendant was, they were informed that he refused to come to the hearing*.

Q.    *Did that notice come from the staff at the state correctional institution*?

A.    *That's correct*.

N.T., Revocation Hearing, 5/7/15, at 3-5 (emphasis supplied).

It is clear from the highlighted portions of the transcript that officer Narcavage did not have personal knowledge of the circumstances regarding Reigle's absence. Rather, his testimony consisted entirely of hearsay from other Commonwealth agents. While it is true that in the absence of a timely objection, hearsay testimony is competent evidence, **see**, **e.g.**, **Commonwealth v. Faruharson**, 354 A.2d 545, 552 (Pa. 1976), it is important to understand that this hearsay testimony was the basis upon which the trial court deprived Reigle the opportunity to lodge a timely

objection. Thus, the general rule results in a paradox under these circumstances.

Where the asserted reason for the absence of an incarcerated defendant is his refusal to attend, the Commonwealth is in control of all of the witnesses necessary to meet its burden. Thus, the burden of evidence based upon personal knowledge is not a significant one. While the testimony of officer Narcavage would have been sufficient if it had been based upon personal knowledge, it is legally insufficient in the absence thereof. The right to be present for one's defense in criminal proceedings is a fundamental right under due process. Allowing the right to be implicitly waived based upon the hearsay testimony of a Commonwealth witness would render that right meaningless. We therefore vacate the judgment of sentence and remand for further proceedings in accordance with this opinion.

Judgment of sentence vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2016