407 A.2d 28

COMMONWEALTH of Pennsylvania

v.

Curtis CLARK, Appellant.

Superior Court of Pennsylvania.

Submitted June 27, 1978.

Decided July 6, 1979.

514

Jack H. Land, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, President Judge:

Appellant, Curtis Clark, was convicted of burglary,[1] and

1. Crimes Code, 18 Pa.C.S. § 3502.

conspiracy[2] at a jury trial in the Court of Common Pleas in Philadelphia County. Post-trial motions were denied and appellant was sentenced to five and one half to fifteen years imprisonment. It is from this judgment of sentence that appellant appeals. We affirm.

At approximately 9:30 P.M. one evening, David Walker, then fifteen years old, observed a brown car with two occupants driving around the block that encircled his home. The car stopped in front of David's home and the occupant who was seated on the passenger's side of the car asked David if he knew where Debra and Jessie Scott were. The Scotts lived across the street from the Walkers. David spoke directly to the passenger, who he later identified as appellant, and told them he did not know where the Scotts were. This conversation occurred directly under a street light within a proximity of ten feet.

David then observed the two men drive around the corner, park the car, and walk up the steps of the Scott home. They banged on the door and, when they did not receive an answer, they got back in their car and drove around the corner again.

Another one of the Scotts' neighbors came outside and proceeded to talk to David Walker just a few steps from the sunporch of the Scott home. As they stood talking, David saw a man walk through the sunporch carrying a yellow bicycle. He testified the street light shone directly into the sun porch at that spot and he saw the same man to whom he had spoken earlier, appellant Curtis Clark. The incident was reported to the police and the vacationing Scotts were notified.

When the Scotts returned home, they compiled a list of all the items that had been stolen from their home, which included the yellow bicycle. David Walker gave a description to Debra Scott of the man he had observed in the car and later in the sunporch. While the police were at the Scott home, Mrs. Scott informed them that she had a picture

2. Crimes Code, 18 Pa.C.S. § 903.

of the man David had described. The police requested this picture, along with several other pictures of other persons from Mrs. Scott's wallet, and took the pictures and David Walker into another room. The police later requested that Mrs. Scott take the pictures to the police station which she did.

Appellant's motion to suppress this identification evidence was denied. Trial began with the empanelling of the jury and the taking of testimony on February 17, 1977 at which time appellant was present. On the morning of February 18, 1977, appellant was not present in the courtroom and a bench warrant was issued. Trial continued in absentia with the resultant conviction.

Appellant raises three issues for our review: first, whether the lower court erred in denying his suppression motion; second, whether the lower court erred in making comments to the jury regarding the court's unsuccessful efforts in locating appellant during the trial; and third, whether the lower court erred in continuing the trial in absentia.

Appellant's first argument stems from the hypothesis that the photographic identification held at the Scott home was unduly suggestive and violated his rights to due process. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). He contends that only one picture could have been shown to David Walker rather than a group of pictures. Our review of the suppression hearing testimony reveals that Debra Scott gave five or six photographs to the police at her home, only one of which was a picture of appellant. David then identified appellant from this group of pictures and consistently re-identified appellant at the police station and in court.[3]

Under these circumstances, we do not feel the out-of-court identification was unduly suggestive so as to cause the

3. Although appellant's brief mentions that the in-court identification was tainted by the suggestive out-of-court identification, no objection was made at the trial or at post-trial motions concerning the in-court identification. See *Commonwealth v. Williams*, 440 Pa. 400, 270 A.2d 226 (1970).

threat of misidentification. As the Supreme Court held in *Simmons v. United States,* supra, we hold there was sufficient time during which the witness, David Walker, observed appellant in order to make the identification. David spoke with appellant under a street light for a period of more than several seconds, he observed him drive around the block several times and approach the Scott home, and he later saw him inside the Scott home with one of the stolen items in his hand. All of these circumstances provide a sufficient basis wherein due process was not denied appellant through the photographic identification. *Id.*; See also *Commonwealth v. Connolly,* 478 Pa. 117, 385 A.2d 1342 (1978).

Appellant's second and third[4] arguments are disposed of in the case of *Commonwealth v. Graham,* 248 Pa.Super. 406, 375 A.2d 161 (1977). In *Graham,* the defendant was present in the court room when the jury was empanelled, but absented himself later. Trial continued in absentia, and the trial judge commented during his charge that flight is a circumstance tending to show guilt. Our court held that the charge was not prejudicial error since evidence of flight would have been admissible at trial. Furthermore, the case correctly proceeded in absentia since appellant had initially appeared and later absented himself. *Commonwealth v. Diehl,* 378 Pa. 214, 107 A.2d 543 (1954).

In the instant case, the trial judge's comment on appellant's absence was not so prejudicial so as to cause reversible error. *Commonwealth v. Phillips,* 183 Pa.Super. 377, 132 A.2d 733 (1957), but fit squarely under the holding in *Graham.* Likewise, appellant's trial correctly proceeded without him since he was present at the jury empanelling and then voluntarily absented himself. The case of *Commonwealth v. Felton,* 224 Pa.Super. 398, 307 A.2d 51 (1973) is distinguisha-

4. Although the opinion of the lower court states that the trial of appellant in absentia is the only matter to be discussed on appeal, we find that this issue is the only one that is not included in post-trial motions and therefore was waived. *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

ble. There, the defendant never appeared at any stage of the trial. Such is not the case before us.

Judgment of sentence affirmed.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.