712 A.2d 735

**COMMONWEALTH of Pennsylvania Appellee,**

v.

**James WILSON, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 16, 1996.

Decided April 27, 1998.

594

Daniel M. Preminger, Philadelphia, for James Wilson.

Peter Rosalsky, Amicus—Defender Assoc. of Philadelphia.

Catherine Marshall, John P. Malloy and Ronald Eisenberg, Philadelphia, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

NEWMAN, Justice.

James Wilson (Appellant) appeals from the Order of the Superior Court, which reinstated his convictions and remanded for sentencing. We granted allocatur to decide whether the trial *in absentia* violated Appellant's constitutional rights. For the reasons that follow, we affirm the Superior Court's Order and hold that when a defendant voluntarily absents himself from the trial proceedings without cause, he has waived his right to be present and it is within the trial court's discretion to continue without delay.

## FACTS

The Philadelphia Police executed a search warrant for Appellant's home and seized cocaine, a large sum of cash, and packaging materials. They arrested him on April 13, 1990 and charged him with possession of a controlled substance,[1] pos-

1. 35 P.S. § 780–113(a)(16).

session of a controlled substance with intent to deliver,[2] possession of drug paraphernalia,[3] and criminal conspiracy.[4] He was later released on bail.

On April 15, 1991, Appellant appeared before the Court of Common Pleas of Philadelphia County (trial court) for a hearing regarding his motion to suppress evidence seized by police, which the trial court denied. Jury selection took place on April 16, 1991, and Appellant was present. After the jury was impaneled, the trial court announced that they would reconvene at 9:00 a.m. the following day, April 17, 1991.

Accompanied by his lawyer, Appellant appeared on April 17, 1991. The defense and the prosecution then engaged in plea negotiations outside of the courtroom. Appellant actively participated in the negotiations. The parties failed, however, to reach a plea agreement. After defense counsel entered the courtroom, Appellant fled.

The trial court learned that Appellant had left the courthouse. Defense counsel informed the court that he had no knowledge of where Appellant had gone or whether he would return. The court issued a bench warrant and the following exchange took place on the record at side bar:

[PROSECUTOR]: I would like to place on the record that the defendant was present yesterday when the jury was selected. The jury had not been sworn and the defendant was present this morning.

THE COURT: He was present this morning?

[PROSECUTOR]: He was present this morning. He had conversations with his attorney. In fact, we discussed working out a plea to this particular case.

THE COURT: Right.

[PROSECUTOR]: When [defense counsel] was in the courtroom and the defendant was outside in the hallway, he absented himself. . . . There is nothing that would make

2. 35 P.S. § 780–113(a)(30).

3. 35 P.S. § 780–113(a)(32).

4. 18 Pa.C.S. § 903.

us believe that this is anything other than a willful absenting of himself. There is nothing to make us think there was any particular harm in the courtroom, outside the courtroom of City Hall.

THE COURT: He was participating in the plea negotiations and then absented himself.

[DEFENSE COUNSEL]: On the other hand, Your Honor, perhaps the Court would consider continuing the matter until there is an attempt to find the defendant.

THE COURT: No.

Notes of Testimony, April 17, 1991 at 5–6. The trial court decided to continue in Appellant's absence.

After the jury was sworn,[5] the parties presented their evidence, and found Appellant guilty of all counts. The trial court deferred sentencing until Appellant was returned. Defense counsel did not file post-trial motions.

Appellant remained a fugitive until September 7, 1991, approximately seventeen months after he fled, when he was arrested on unrelated charges. When Appellant returned, he retained new counsel, who filed post-trial motions *nunc pro tunc.* The trial court heard arguments on the post-trial motions on February 4, 1993 and September 9, 1993. After concluding that the police violated the "knock and announce" rule when executing the search warrant at Appellant's home, the trial court held that the evidence seized during the search should have been suppressed. Additionally, the court found that trial counsel was ineffective for failing to call a witness during the suppression hearing who could have testified for Appellant regarding the execution of the warrant. For these reasons, the trial court granted a new trial and ordered that the evidence seized be suppressed. The Commonwealth filed a motion for reconsideration, which the court denied on November 12, 1993.

**5.** Although both Appellant and the Commonwealth state that Appellant fled *after* the jury was sworn, the record indicates that he fled after the jury was impaneled, but *before* they were sworn. Notes of Testimony, April 17, 1991 at 5, 9.

598

The Commonwealth then appealed to the Superior Court, which held that the trial court neither abused its discretion in conducting the trial in Appellant's absence nor in permitting Appellant to file post-verdict motions *nunc pro tunc*. It further held that the police properly conducted the search and seizure and the evidence should not be suppressed. Accordingly, the Superior Court reversed the Order for a new trial, reinstated the convictions, and remanded for sentencing. Appellant then filed a Petition for Allowance of Appeal, which we granted, limited to the issue of whether a trial court may conduct a trial *in absentia* where the defendant flees, without an explanation and after trial has commenced.[6]

## DISCUSSION

A person accused of a crime has a constitutional right pursuant to the Sixth Amendment of the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution to be present at every stage of a criminal trial. In non-capital cases, a defendant may, by his actions, waive this right expressly or implicitly. *Commonwealth v. Ford*, 539 Pa. 85, 100–01, 650 A.2d 433, 440 (1994), *cert. denied*, 514 U.S. 1114, 115 S.Ct. 1970, 131 L.Ed.2d 859 (1995); *Commonwealth v. Sullens*, 533 Pa. 99, 619 A.2d 1349 (1992). The waiver must be knowing and voluntary. When a defendant is initially present at the time the trial commences, then flees or fails to attend further proceedings, he or she is deemed to have knowingly and voluntarily waived his or her right to be present. *Sullens; Commonwealth v. Diehl*, 378 Pa. 214, 107 A.2d 543 (1954); *Commonwealth v. Graham*, 248 Pa.Super. 406, 375 A.2d 161 (1977). Courts in this Commonwealth have consistently held that a trial court may, in its discretion, conduct a trial *in absentia* when the defendant absconds without cause after the trial commences. *Commonwealth v. Clark*, 267 Pa.Super. 513,

6. The Order granting allocatur phrased the limited issue as follows: "[W]hether the trial *in absentia* violated [Appellant]'s federal and state constitutional rights." Appellant's brief on this issue, however, is limited to an argument that this Court should adopt the federal standard for trials *in absentia* and he fails to present a separate state constitutional argument. Consequently, we will address this issue accordingly.

407 A.2d 28 (1979) (trial *in absentia* was proper where defendant was present for empaneling of jury, then absconded); *Graham* (permitting trial *in absentia* where defendant was present during morning session when jury was selected but failed to return after lunch break).

The United States Supreme Court has characterized the reasoning supporting trials *in absentia,* as follows:

It does not seem ... to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial already commenced. The practical result of such a proposition, if allowed to be law, would be to prevent any trial whatever until the accused person himself should be pleased to permit it. . . .

The question is one of broad public policy, whether an accused person, placed upon trial for crime, and protected by all the safeguards with which the humanity of our present criminal law sedulously surrounds him, can with impunity defy the processes of that law, paralyze the proceedings of courts and juries, and turn them into a solemn farce, and ultimately compel society, for its own safety, to restrict the operation of the principle of personal liberty. Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong. And yet this would be precisely what it would do if it permitted an escape from prison, or an absconding from the jurisdiction while at large on bail, during the pendency of a trial before a jury, to operate as a shield.

*Diaz v. U.S.,* 223 U.S. 442, 457–58, 32 S.Ct. 250, 254–55, 56 L.Ed. 500 (1912) (quoting *Falk v. U.S.,* 15 App.D.C. 446 (1899), *appeal dismissed,* 180 U.S. 636, 21 S.Ct. 922, 45 L.Ed. 709 (1901)).

A defendant who is released on bail before trial gives the court his or her assurance that he or she will stand trial and submit to sentencing if found guilty. *See United States v. Tortora,* 464 F.2d 1202, 1208 (2d Cir.), *cert. denied,* 409 U.S.

1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972). Unless the defendant is prevented from attending the proceedings for reasons beyond his or her control, then the defendant is expected to be present at all stages of the trial. A defendant owes the court an affirmative duty to advise it if he or she will be absent. If a defendant has a valid reason for failing to appear, for example, if he or she has a medical emergency or is called to leave because of a family emergency, then the defendant can alert the court personally or through counsel of the problem. When, however, the defendant leaves the trial abruptly, without an explanation to either his lawyer or the court, this may be regarded as an absence without cause. *Clark; Graham.*

The longstanding rule permitting trials to take place in a defendant's absence was codified in Pennsylvania in 1968 as Pa.R.Crim.P. 1117, which states, in pertinent part, as follows:

RULE 1117. PRESENCE OF THE DEFENDANT

(a) The defendant shall be present at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. *The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.*

Pa.R.Crim.P. 1117(a) (emphasis added). Rule 1117 permits the trial court to exercise its discretion in deciding whether to continue in the defendant's absence if the defendant is missing without cause.

Appellant argues that courts in this Commonwealth should require trial courts to weigh certain factors before deciding to proceed with a trial *in absentia.* These factors were set forth by the Second Circuit Court of Appeals in *Tortora* and applied to trials *in absentia* pursuant to Federal Rule of Criminal Procedure 43(b).[7] In *Tortora*, five defendants were charged

7. Federal Rule of Criminal Procedure 43 provides, in part, as follows:
   (a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

with engaging in loanshark operations. On the day set for trial, one of the defendants, Samuel Santoro, failed to appear. The court knew that Santoro was aware of the date and time of the hearing, but he was not at his home when a friend arrived to drive him to the hearing. Attempts to locate Santoro failed and no one knew where he was. The trial court decided to go forward without him. *Id.,* 464 F.2d at 1206. A jury convicted Santoro *in absentia* of the charges against him. *Tortora* at 1207.

On appeal, Santoro argued that his conviction was unconstitutional because the trial court should have postponed the trial until he was present. *Id.* at 1208. The Court of Appeals disagreed and concluded that Santoro had knowingly and voluntarily waived his right to be present. *Id.* However, the court cautioned:

> It must clearly appear in the record [ ] that the defendant was advised when proceedings were to commence and that he voluntarily, knowingly, and without justification failed to be present at the designated time and place before the trial may proceed in his absence.... This assures that the defendant has been accorded an opportunity to be present at all critical stages of the trial ... and thereby affords him due process of law.

*Id.* at 1209 (citations omitted). The court also advised that before exercising its discretion to continue in the defendant's absence, the trial court should consider the following issues:

> [T]he likelihood that the trial could soon take place with the defendant present; the difficulty of rescheduling, particularly in multiple-defendant trials; the burden on the Government in having to undertake two trials, ...

> (b) Continued Presence Not Required. The *further* progress of the trial to and including the return of the verdict shall not be prevented and *the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,*
>> (1) *voluntarily absents himself after the trial has commenced* (whether or not he has been informed by the court of his obligation to remain during the trial), ...

FED.R.CRIM.P. 43 (emphasis added).

*Id.* at 1210. The decision to conduct the hearing in the defendant's absence nevertheless remains within the discretion of the trial judge. *Id.*

█ We agree that the *Tortora* test presents reasonable and logical issues for a trial court to weigh. However, this list of issues is not exhaustive. Other factors may be taken into consideration as the situation requires. Moreover, even if we were to adopt the *Tortora* test, Appellant cannot demonstrate that the trial court, based on the *Tortora* factors, should have delayed the trial to await his return.

█ Appellant also implies that in order to conduct a thorough inquiry into a defendant's whereabouts, a recess or continuance is proper. Even pursuant to *Tortora*, however, the trial court is not required to postpone the trial in order to weigh the likelihood of the defendant returning or the inconvenience to the parties that a continuance would cause. Instead, the decision to proceed remains within the trial court's discretion. A trial court can conduct an inquiry on the record and render a determination of whether to continue without a hearing on the issue or unnecessary delay.

Furthermore, numerous difficulties exist with requiring a court to delay a trial to conduct a hearing on the issue of whether a defendant will reappear. The time and resources required for a separate hearing would permit a defendant to control the pace and timing of the proceedings. Flight would become a defense tactic used to obtain a continuance that the court might not grant otherwise. In addition, judicial economy would be lost, the flow of the trial would be disrupted, and an unnecessary hardship would be placed on the court, the jury, and the witnesses who are held in limbo while everyone waits for the defendant. Accordingly, it is sufficient for a trial court to conduct its own inquiry and make a determination based on the information received.

█ Here, Appellant was present for the suppression hearing on April 15, 1991. He was also present during the jury selection on April 16, 1991. He appeared the following day, and participated in plea negotiations. However, after the

parties were unable to reach a plea agreement, he fled. These facts clearly show that Appellant was fully aware of the date and time of the trial, he was not detained beyond his control, and he could, and did, appear on the morning of the trial. It was reasonable for the court to conclude that Appellant fled without cause and that he voluntarily waived his right to be present. *Commonwealth v. Bond,* 693 A.2d 220 (Pa.Super.1997). The situation, therefore, did not require the court to delay the trial further and the trial court did not abuse its discretion in deciding to proceed in the defendant's absence. Pa.R.Crim.P. 1117.

## CONCLUSION

Accordingly, we affirm the Order of the Superior Court reinstating the convictions and remanding for sentencing.

NIGRO, J., files a concurring and dissenting opinion.

NIGRO, Justice, concurring and dissenting.

While I agree with the Majority that trial may proceed in absentia when a defendant voluntarily absents himself after the start of trial, I believe an on-the record inquiry is required to first determine whether appellant's absence was, in fact, "without cause." Because this was not done in this case, I dissent.

A waiver of a defendant's right to be present at trial is embodied in Pa.R.Crim.P. 1117(a), which states:

The defendant shall be present at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence **without cause** shall not preclude proceeding with the trial including return of the verdict. (emphasis added)

The "without cause" language in this rule places discretion with the trial court to determine whether to proceed *in absentia.* Before a decision can be made as to whether a defendant's absence is "without cause," Pa.R.Crim.P. 1117(a) requires the trial court to conduct an inquiry to determine

why the defendant is absent, and then balance that absence against the inconvenience or prejudice resulting from a short postponement or rescheduling.

Pa.R.Crim.P. 1117(a) is consistent with Federal Rule of Criminal Procedure 43 which permits the trial of a defendant *in absentia* where the defendant absents himself after trial has begun. Federal cases which have upheld a trial *in absentia* have recognized that it is an extraordinary proceeding that should not be permitted to occur frequently. See *United States v. Tortora*, 464 F.2d 1202 (2d Cir.1972), *cert. denied*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972). In determining whether to proceed *in absentia*, the federal courts have required a record inquiry to ascertain an explanation for the absence of the accused and balance the likelihood that the trial could take place with the defendant's presence against the undue convenience or prejudice occasioned by a slight delay or a rescheduling of the trial. *United States v. Krout*, 56 F.3d 643 at 646 (5th Cir.1995), *cert. denied* 516 U.S. 1076, 116 S.Ct. 782, 133 L.Ed.2d 733 citing *United States v. Beltran–Nunez*, 716 F.2d 287, 291 (5th Cir.1983).

I cannot agree that on this record the trial court conducted a hearing prior to proceeding to trial *in absentia*. Despite defense counsel's request for a continuance to allow an inquiry into the reason for Appellant's disappearance, the trial court refused to continue the case, electing instead to proceed with trial in Appellant's absence.[1] The waiver provision of Pa. R.Crim.P. 1117(a) requires an inquiry into the circumstances surrounding a defendant's departure to determine whether a

---

1. In addition to the dialogue recited by the Majority, the record reveals the following exchange between the trial judge and counsel:

MR. TINARI [Defense counsel]: On the other hand, Your Honor, perhaps the Court would consider continuing the matter until there is an attempt to find the defendant.

THE COURT: No.

MR. TINARI: To give an explanation as to why he did leave the courthouse.

THE COURT: No, I will not continue the matter. I have issued a bench warrant and I'm also going to say to the jury once they have been sworn and once he has been arraigned, you'll enter a plea of not guilty.

N.T. April 17, 1991, pp. 5–6.

defendant's departure is, in fact, without cause. Thus, I suggest that should a defendant disappear after the commencement of trial, the judge shall allow defense counsel twenty-four (24) hours to either produce his client or offer a legitimate reason for his client's absence. Such a procedure acknowledges the defendant's affirmative duty to advise the court of a valid reason for failing to appear and gives counsel, the defendant, or a family member an opportunity to do so. This short adjournment ensures that a defendant's absence is compelling without permitting him to benefit from deliberate flight. At the same time, it causes little inconvenience to the Commonwealth as the jury and any witnesses may be recessed for 24 hours. Should the defendant not appear within this 24 hour period, following an on-the record inquiry, and in the judge's discretion, trial may continue. I do not see this recess being utilized by the defendant as a tactical advantage, rather, mistrial is avoided and judicial economy best served.

Because the trial court in the present case failed to conduct an inquiry to determine whether Appellant was absent without cause, I dissent.