J-S56026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HASSON WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3434 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 26, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004466-2018

BEFORE: PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.: **FILED DECEMBER 04, 2019**

Appellant, Hasson Williams, appeals from the judgment of sentence entered on November 26, 2018, following his open guilty plea to persons not to possess a firearm.[1] We affirm.

We briefly summarize the facts and procedural history of this case as follows. On May 2, 2018, the Philadelphia police executed a search warrant at a residence on East Thayer Street in Philadelphia, Pennsylvania. N.T., 9/12/2018, at 17. The police recovered a loaded .45 caliber semi-automatic handgun from underneath a bed in a bedroom on the second floor. Appellant and a woman were present and taken into custody. *Id.* After waiving his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), Appellant admitted that he placed the firearm under the bed. *Id.* at 18. Appellant had

_____

[1] 18 Pa.C.S.A. § 6105.

a prior conviction for possession with intent to deliver narcotics pursuant to 35 P.S. § 780-113(a)(30). *Id.* Following a colloquy at a hearing on September 12, 2018, Appellant pled guilty to the aforementioned charge, but left his sentence open for the trial court to decide. *Id.* at 18-19. The trial court ordered a pre-sentence investigation report and mental health diagnosis and scheduled a sentencing hearing for November 26, 2018. *Id.* at 19-20.

Appellant failed to appear for the sentencing hearing on November 26, 2018. N.T., 11/26/2018, at 3-4. Notwithstanding Appellant's absence, the trial court recounted at sentencing that, by order dated October 31, 2018, it granted Appellant's request for release on bail to receive inpatient care at a drug treatment facility. *Id.* at 14-15. However, prior to modifying Appellant's bail, the trial court gave Appellant notice that the sentencing hearing would proceed on November 26, 2018 and that the trial court would proceed *in absentia* should he fail to appear. *Id.* at 15. The trial court then heard testimony that Appellant absconded from the drug treatment facility three hours after placement. *Id.* When Appellant failed to appear for the sentencing hearing, Appellant's counsel made an oral motion purporting to withdraw Appellant's guilty plea prior to sentencing, claiming that if Appellant were present he would assert his innocence. *Id.* at 17-18. As an alternative basis for relief, Appellant's counsel argued that withdrawing Appellant's guilty plea was warranted, because a municipal court judge suppressed all of the evidence in co-defendant's case. *Id.* at 18. The trial court denied relief on the motion to withdraw Appellant's guilty plea. *Id.* at 19. The trial court

sentenced Appellant, *in absentia*, to five to ten years of imprisonment. ***Id.*** at

30. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues[3] for our review:

   I. Whether the trial court abused its discretion and committed reversible error when the court denied an objection and sentenced [Appellant] *in absentia*[?]

   II. Whether the trial court abused its discretion and committed reversible error when the court denied [Appellant's] pre-sentence motion to withdraw [his] guilty plea[?]

Appellant's Brief at 8 (complete capitalization omitted).

In the first issue we examine, Appellant claims that the trial court

abused its discretion by sentencing him *in absentia*. ***Id.*** at 17-19. More

specifically, Appellant contends that "the reasons for [Appellant's] failure to

appear at [] sentencing were not clear" because "[t]he only information

_____

[2]   Counsel for Appellant filed a notice of appeal on December 3, 2018 and then timely filed a concise statement pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 10, 2019. We note that Appellant's fugitive status remains unclear. Our Supreme Court, however, has determined that counsel cannot preserve a fugitive defendant's appellate rights by *sua sponte* filing a notice of appeal. ***See Commonwealth v. Adams***, 200 A.3d 944, 955 (Pa. 2019) ("regardless of whether counsel has filed a notice of appeal in the fugitive's absence, if the period for filing an appeal has not expired, the fugitive is entitled to file an appeal upon his return; and, if the time for filing has elapsed, the fugitive no longer enjoys the right to file an appeal"). An appellant may forfeit his appellate rights when he becomes a fugitive and, in those instances, it is proper to affirm the underlying judgment of sentence. ***Id.*** While Appellant's current status is unknown, we have addressed the merits of this appeal as if he has been returned to custody. However, if Appellant remains absent, we note his status as a separate basis for rejecting this appeal.

[3]   We reordered Appellant's issues for ease of discussion and disposition.

available was that [Appellant] left the inpatient drug program without permission to do so." *Id.* at 18-19. Appellant also asserts that there was no evidence that Appellant sought to delay sentencing or that continuing the sentencing hearing would adversely affect the trial court's efficient administration. *Id.* at 19.

Our Supreme Court has decided:

A person accused of a crime has a constitutional right pursuant to the Sixth Amendment of the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution to be present at every stage of a criminal trial. In non-capital cases, a defendant may, by his actions, waive this right expressly or implicitly. The waiver must be knowing and voluntary. When a defendant is initially present at the time the trial commences, then flees or fails to attend further proceedings, he or she is deemed to have knowingly and voluntarily waived his or her right to be present. Courts in this Commonwealth have consistently held that a trial court may, in its discretion, conduct a trial *in absentia* when the defendant absconds without cause after the trial commences.

The United States Supreme Court has characterized the reasoning supporting trials *in absentia*, as follows:

It does not seem ... to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial already commenced. The practical result of such a proposition, if allowed to be law, would be to prevent any trial whatever until the accused person himself should be pleased to permit it....

The question is one of broad public policy, whether an accused person, placed upon trial for crime, and protected by all the safeguards with which the humanity of our present criminal law sedulously surrounds him, can with impunity defy the processes of that law, paralyze the proceedings of courts and juries, and turn them into a solemn farce, and ultimately compel society, for its own safety, to restrict the operation of the principle of personal liberty. Neither in

criminal nor in civil cases will the law allow a person to take advantage of his own wrong. And yet this would be precisely what it would do if it permitted an escape from prison, or an absconding from the jurisdiction while at large on bail, during the pendency of a trial before a jury, to operate as a shield.

A defendant who is released on bail before trial gives the court his or her assurance that he or she will stand trial and submit to sentencing if found guilty. Unless the defendant is prevented from attending the proceedings for reasons beyond his or her control, then the defendant is expected to be present at all stages of the trial. A defendant owes the court an affirmative duty to advise it if he or she will be absent. If a defendant has a valid reason for failing to appear, for example, if he or she has a medical emergency or is called to leave because of a family emergency, then the defendant can alert the court personally or through counsel of the problem. When, however, the defendant leaves the trial abruptly, without an explanation to either his lawyer or the court, this may be regarded as an absence without cause.

*Commonwealth v. Wilson*, 712 A.2d 735, 737–738 (Pa. 1998) (internal citations omitted).

Here, on October 30, 2018, the trial court "granted [bail] with the [express] condition that [Appellant] remain in a self-help [drug treatment] program until its completion." Trial Court Opinion, 4/10/2019, at *1 (unpaginated). There is no dispute that Appellant received proper notice of the date of his sentencing hearing and was aware that he was required to be present. Likewise, there is no dispute that Appellant absconded from the drug treatment facility within three hours of his admission. Finally, there was no evidence presented that Appellant had a valid reason for failing to appear or that he explained to his attorney or the trial court the reason for his abrupt departure. As such, Appellant is deemed to have knowingly and voluntarily

waived his right to be present at sentencing. Accordingly, we conclude that the trial court did not abuse its discretion by sentencing Appellant *in absentia*.

Next, Appellant contends the trial court abused its discretion by denying his pre-sentence motion to withdraw his guilty plea. Appellant's Brief at 12-17. Appellant claims that a pre-sentence request for withdrawal should be liberally granted. *Id.* at 12. "Based upon []his assertion of legal innocence, [Appellant] 'made a colorable demonstration,' which was 'at least plausible,' that permitting withdrawal of the plea would have promoted fairness and justice." *Id.* at 15. Additionally, "[p]lea [c]ounsel argued that a basis for the withdrawal of the [g]uilty [p]lea was the fact that a judge had suppressed all of the evidence against [Appellant's] co[-]defendant." *Id.*

> Our Supreme Court has determined:
>
> To be clear, when a trial court is faced with a presentence motion to withdraw a guilty plea, the court's discretion is not unfettered. As [our Supreme] Court has often explained, the term discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Thus, a court's discretion in ruling on a presentence motion to withdraw a guilty plea must be informed by the law, which, for example, requires courts to grant these motions liberally and to make credibility determinations that are supported by the record. Moreover, while an appellate court should not substitute its judgment for that of a trial court that ruled on a presentence motion to withdraw a guilty plea, the appellate court is tasked with the important role of assessing the propriety of the trial court's exercise of its discretion.

*Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019) (internal citations, quotations and original brackets omitted).

"It is a long established principle of constitutional due process that the decision to plead guilty must be personally and voluntarily made by the accused." **Commonwealth v. Hines**, 437 A.2d 1180, 1182 (Pa. 1981) (citations omitted). Before accepting a guilty plea, a trial court must "satisfactorily question[]" the defendant and may not solely "rely upon the representation of [] counsel[.]" **Id.** at 1185. In turn, in determining whether to allow the withdraw of a guilty plea, the trial court should also "direct[] questions to [the defendant] to confirm [his] understanding of his plea, his desire to withdraw the plea, and his desire regarding representation." **Id.** at 1186; **see also Commonwealth v. Bradley**, 715 A.2d 1121, 1122-1123 (Pa. 1998) (counsel must discuss the risks and ramifications of withdrawing a guilty plea and advise his client regarding how to proceed; however, the defendant makes the ultimate decision).

Here, as previously discussed, the trial court properly held the sentencing hearing in this matter *in absentia*. Because Appellant was not physically present for the sentencing hearing, the trial court was unable to question Appellant about withdrawing his guilty plea beforehand. Moreover, there was no evidence that Appellant directed defense counsel to withdraw the guilty plea prior to Appellant absconding. In fact, the following exchange demonstrates that defense counsel moved to withdraw Appellant's guilty plea independently and without consultation with Appellant:

> [Defense counsel]:     Should I move to withdraw his plea before sentencing? I don't want to, but I'm

trying to – I'm thinking out loud – what my duties are to him even though I'm pretty upset with him as you can imagine. He embarrassed me and embarrassed the program and everything else.

The court: You do what you need to do[.]

[Defense counsel]: I'm just thinking out loud. I guess while we're waiting, with your permission, I'd like to make an oral motion to withdraw his guilty plea since he hasn't been sentenced yet. The standard would be is there prejudice to the client and, of course, he has to assert his innocence. He's not here today. He already entered the plea, but ---

The court: So I have no basis for the motion?

[Defense counsel]: Probably not under the case law, unless I could on his behalf state that I would assume if he was here, he would assert his innocence at this point. And then since it's prior to sentencing, it would be whether the Commonwealth has any prejudice. I don't see any prejudice with the Commonwealth's position. Their officers and everyone else are still available in this particular case.

So I guess I have to make an oral motion, not that I particularly want to because I'm very upset with him, but make a[n] oral motion to withdraw his guilty plea. And there is also a secondary point, which we mentioned at the time he entered his plea, that a municipal court judge [,] on the codefendant['s case,] suppressed all of the evidence in [that] case and that's on appeal now, I guess[.]

N.T., 11/26/2018, at 17-18. In denying the motion to withdraw Appellant's

guilty plea, the trial court concluded that Appellant failed to "offer a fair or

accurate basis to attempt to assert innocence based on the fact that [counsel] has had no contact with [Appellant] since the time of the bail motion." ***Id.*** at 19.

We discern no abuse of discretion in denying defense counsel's oral, pre-sentence motion to withdraw Appellant's guilty plea. There is simply no record evidence that Appellant personally sought to withdraw his guilty plea. He did not assert his innocence to either counsel or the trial court. Counsel for Appellant "guess[ed]" and "assumed" that Appellant would assert his innocence prior to sentencing. Appellant cannot rely on counsel's assertion of innocence on his behalf. Moreover, regarding alleged suppression in the case involving Appellant's co-defendant, counsel and Appellant discussed the issue and "mentioned it at the time [Appellant] entered his [guilty] plea" but then he entered a guilty plea anyway. Again, because defense counsel did not consult with Appellant after he absconded, counsel could not have known whether Appellant changed his mind and wished to withdraw his guilty plea based upon suppression in his co-defendant's case. For all of the foregoing reasons, we discern no abuse of discretion in denying the pre-sentence request to withdraw Appellant's guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/19