J-S21032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHAUNA MARKS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY ELONIS | : | |
| | : | |
| Appellant | : | No. 193 EDA 2021 |

Appeal from the Judgment of Sentence Entered December 2, 2020
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  No. C-48-PF-2019-00663

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:          **FILED SEPTEMBER 20, 2021**

Appellant, Anthony Elonis, appeals from a judgment of sentence of 30 to 90 days' incarceration imposed for indirect criminal contempt for violations of a Protection from Abuse (PFA) order.  For the reasons set forth below, we affirm.

On August 5, 2019, Shauna Marks (Complainant) obtained a temporary PFA order against Appellant in the Court of Common Pleas of Northampton County (trial court).  On August 16, 2019, the trial court entered a final PFA order (the PFA Order) that bars Appellant from having contact with Complainant for a three-year period that ends August 16, 2022.  The PFA Order specifically prohibits Appellant from contacting Complainant directly or

---

[*] Retired Senior Judge assigned to the Superior Court.

indirectly "by oral, nonverbal, written or electronic means, including telephone, electronic mail, internet, facsimile, telex, wireless communication or similar transmission … or by any other means." PFA Order ¶¶3-4. On October 18, 2019, Appellant was found guilty of indirect criminal contempt and was sentenced to pay a $350 fine for violating the PFA Order. 10/18/19 PFA Contempt Disposition.

On October 20, 2020, Complainant filed a petition for indirect criminal contempt averring that Appellant had violated the PFA Order by repeatedly telephoning her and sending her text messages. A rule to show cause was issued and served on Appellant directing Appellant to appear for a hearing on this contempt petition "on October 28, 2020 at 1:00 P.M. or thereafter as may be ordered, in Court room #4, Northampton County Courthouse." 10/20/20 Rule to Show Cause. The rule to show cause further stated that "[u]pon service of the complaint and rule, Defendant shall confirm date and time of hearing with the Protection From Abuse Office." *Id.*

On October 28, 2020, Complainant and Appellant appeared at the designated time and place for the contempt hearing. However, prior to the hearing, the Appellant refused to comply with the trial court's requirement that all litigants wear a mask due to the Covid-19 pandemic, and the hearing was continued to November 4, 2020. 10/28/20 Continuance Order. The time and location of the rescheduled hearing, 1:00 p.m. and Courtroom 4 of the Northampton County Courthouse, were the same as in the original rule to

show cause. *Id.* Complainant appeared for the November 4, 2020 contempt hearing, but Appellant did not, and the trial court issued a bench warrant for Appellant's arrest. N.T., 11/4/20, at 2, 4-5; 11/12/20 Bench Warrant.

Appellant was arrested pursuant to the warrant on November 12, 2020, and a bail hearing was held on November 13, 2020, at which Appellant was represented by counsel. N.T., 11/13/20, at 1, 3. At that hearing, a Northampton County pretrial services officer testified that Appellant had not been served with the order scheduling the contempt hearing for November 4, 2020 and Appellant was released on unsecured bail. *Id.* at 2, 4-5. At the conclusion of the hearing, the trial court specifically advised Appellant that the contempt hearing "is scheduled for December the 2nd of 2020." *Id.* at 5. Appellant acknowledged this instruction and neither he nor his attorney asked the court for any further information concerning the time or location of the hearing. *Id.*

On December 2, 2020, Complainant appeared for the contempt hearing, but Appellant again failed to appear. N.T., 12/2/20, at 2. The trial court concluded that Appellant knew of the hearing date and chose not to appear, and it proceeded with the hearing. *Id.* at 2-3. After Complainant gave her testimony, the trial court found Appellant guilty of indirect criminal contempt for violating the PFA Order and sentenced Appellant to 30 to 90 days' incarceration. *Id.* at 6-7; 12/2/20 PFA Contempt Disposition. Appellant filed

no post-sentence motion. On December 28, 2020, Appellant filed a timely notice of appeal.

In this appeal, Appellant presents the following single issue for our review:

> Did the Trial Court err when it found that Appellant willingly failed to appear at the rescheduled hearing on Appellee's indirect criminal contempt complaint, and thereafter held the hearing *in absentia*, when Appellant did not receive adequate notice of the time and location of the indirect criminal contempt hearing?

Appellant's Brief at 5. We conclude that the record shows that Appellant had sufficient notice of the December 2, 2020 contempt hearing for the trial court to conclude that Appellant voluntarily chose not to appear and for the trial court to proceed with the hearing in his absence.[1]

A defendant has a constitutional right to be present at his trial. *Commonwealth v. Wilson*, 712 A.2d 735, 737 (Pa. 1998); *Commonwealth v. Sullens*, 619 A.2d 1349, 1351 (Pa. 1992); *Commonwealth v. Kelly*, 78 A.3d 1136, 1141 (Pa. Super. 2013), *overruled on other issue*, *Commonwealth v. King*, 234 A.3d 549 (Pa. 2020). A defendant in a non-capital case, however, may waive this right, either expressly or implicitly by

_____

[1] It appears that Appellant has completed serving his sentence, as he represents in his brief that he was arrested and incarcerated to serve the sentence before December 28, 2020 and his maximum sentence of 90 days would therefore have expired before the end of March 2021. Appellant's Brief at 9. This appeal, however, is not moot because the PFA Order is still in effect and the contempt conviction could affect Appellant if Complainant files further petitions for contempt for violations of the PFA Order.

his actions.  **Wilson**, 712 A.2d at 737; **Sullens**, 619 A.2d at 1351; **Kelly**, 78 A.3d at 1141.  Where the defendant has notice of the trial date and fails to appear, the court may properly find that he voluntarily waived his right to be present and may proceed to try him *in absentia*, unless there is cause for his absence.  **Sullens**, 619 A.2d at 1352-53; **Commonwealth v. Johnson**, 734 A.2d 864, 866-69 (Pa. Super. 1999); **Commonwealth v. Percha**, No. 215 WDA 2020, slip op. at 4-7 (Pa. Super. filed August 26, 2020) (non-precedential decision).  Whether the defendant has been denied the right to be present at trial is a question of law for which our standard of review is *de novo* and our scope of review is plenary.  **Commonwealth v. Tejada**, 161 A.3d 313, 317 (Pa. Super. 2017).

Here, Appellant was advised in person of the December 2, 2020 hearing date by the trial court.  N.T., 11/13/20, at 5.  While the trial court did not state that the hearing was in Courtroom 4 of the Northampton County Courthouse and that the time of the hearing was 1:00 p.m., this was a rescheduling of a hearing of which Appellant had received written notice and at which he had appeared and the location and time of day were identical to that earlier hearing.  **See** 10/20/20 Rule to Show Cause.  Because he was advised of this hearing date in person, Appellant also had the opportunity to ask where and at what time of day he was to appear if he had any doubt about the time of day or location of the hearing and neither he nor his counsel requested further information or indicated any lack of understanding as to

when and where Appellant was to appear for the December 2, 2020 hearing. N.T., 11/13/20, at 5. Moreover, Appellant knew from the written notice of the earlier hearing how to find out and confirm the time and place of the December 2, 2020 hearing, as the notice of the earlier hearing directed him to "confirm date and time of hearing with the Protection From Abuse Office." 10/20/20 Rule to Show Cause. Appellant, notably, did not file any post-sentence motion asserting that his absence was caused by lack of knowledge of time or location of the hearing or that he was unable to attend the hearing for any reason.

Given these facts, the trial court properly concluded that Appellant received sufficient notice of the December 2, 2020 hearing and that his failure to appear was knowing and voluntary. The trial therefore did not err in proceeding with the contempt hearing in Appellant's absence. *Sullens*, 619 A.2d at 1352-53; *Kelly*, 78 A.3d at 1143-44; *Johnson*, 734 A.2d at 866-69; *Percha*, slip op. at 5-7. We accordingly affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2021

- 6 -