J-A07010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEVIN LYNN NELSON | : | |
| | : | |
| Appellant | : | No. 1095 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 27, 2023
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0005567-2019

BEFORE: STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED: DECEMBER 31, 2024**

Devin Lynn Nelson ("Appellant") appeals from the judgment of sentence imposed following a jury trial *in absentia* on charges of indecent assault, unlawful contact with a minor and corruption of minors. Appellant challenges the trial court's decision to proceed with a jury trial *in absentia*. Upon review, we vacate his judgment of sentence, reverse his convictions and remand for a new trial.

The underlying facts are not relevant to the issues on review. Briefly, in 2016 and 2017, Appellant resided with his girlfriend, A.G., and her three children. Trial Court Opinion, 10/2/23, at 2. A.G.'s eight-year-old daughter, T.Y., alleged that Appellant was sexually inappropriate with her. *Id.* In 2018, Dauphin County Children and Youth Services ("CYS") contacted A.G. to

_____

[*] Former Justice specially assigned to the Superior Court.

schedule a Children Resources Interview with T.Y. *Id.* "T.Y. told two friends and her nanny that the Appellant came into her room while she was sleeping, took her underwear off, and stated that her underwear was dirty." *Id.* (citations omitted). "Appellant left the room with her underwear then came back, told T.Y. to spread her legs, then began touching her between her legs and on her vagina." *Id.* (citations omitted).

The certified record in this matter is incomplete and inadequate. On August 30, 2018, Appellant was charged with indecent assault, unlawful contact with a minor and corruption of minors. Appellant was arrested on July 29, 2019. Appellant was represented by counsel and waived his preliminary hearing. Appellant was present for formal arraignment and given a court date of March 24, 2020. Due to the COVID-19 judicial emergency, the case was continued to June 2, 2020.

The next document in the record indicates the case was continued from September 11, 2020 to November 10, 2020.[1] Thereafter, Appellant requested with reason three continuances, moving the case to March 25, 2021. For an

_____

[1] There is a docket entry on May 21, 2020 indicating the case was continued to September 11, 2020. However, there is no written continuance request or court order to that effect in the record.

Additionally, the September 11, 2020 continuance request was part of a mass continuance motion with several defendants all listed on a single motion. The motion states "[f]or various reasons, and with the consent of the Commonwealth Attorney, these Defendants respectfully request that their case be continued to the specific date listed." Motion for Continuance, 9/17/20, ¶ 3.

unidentified reason, the case was continued at Appellant's request to May 13, 2021.[2]

On April 19, 2021, the trial court granted Appellant's motion to compel production of CYS records, and the case was continued at Appellant's request to August 12, 2021. Appellant filed a motion for competency and taint determination, and an order scheduling a hearing for September 27, 2021 was filed. However, there is no court order disposing of Appellant's motion following the hearing. The record includes a form dated September 27, 2021 indicating the case was continued to December 6, 2021. However, it does not reveal if this was in reference to the competency and taint hearing, who requested the continuance or whether Rule 600 was waived.

On October 21, 2021, the trial court granted Appellant's supplemental request for CYS records. The next document in the certified record is the Commonwealth's proposed points for charged filed on June 24, 2022.

The docket sheet provides little additional information. On November 15, 2021, trial was continued to March 7, 2022 because Appellant was not ready. On February 16, 2022, trial was continued to April 4, 2022 because Appellant was not ready. On March 29, 2022, trial was continued to May 16, 2022 because Appellant was not ready. On April 28, 2022, trial was continued to June 27, 2022 because Appellant was not ready. On May 6, 2022, a "call

---

[2] This continuance request was also done via mass motion with several defendants listed on a single motion, with the same general statement quoted above. *See* Motion for Continuance. 3/25/21, ¶ 3.

of the list" was scheduled for June 6, 2022. On all dates, the docket indicates defense counsel, Grant Malleus, Esquire, was served electronically. There are no accompanying written motions or orders memorializing the continuances in the record.

Despite the lack of a scheduling order in the certified record or a docket entry, jury selection was scheduled for June 24, 2022. Appellant did not appear, and the following dialogue occurred prior to the prospective jurors entering the courtroom:

> ATTORNEY MALLEUS:   And, Your Honor, I understand that you've already made a ruling on this[3], but just for the record to protect myself, I have sent a letter to my client's last known address as well as multiple emails and tried to call him. **Clearly, he must not have had notice of today.** That's all I can assume at this point.   So I would have to **ask for a continuance** but I understand that we've already set –
>
> THE COURT:      We are set to go.
>
> ATTORNEY MALLEUS:   Okay.
>
> THE COURT:      We will pick.   And I think this one is going to start Tuesday morning.
>
> ATTORNEY MALLEUS:   Tuesday morning.   Thank you.
>
> ATTORNEY GETTLE[4]:    We had been previously told Wednesday. Our –
>
> THE COURT:      No, we're doing it Tuesday.

---

[3] There is no ruling in the certified record or docket sheet.

[4] Attorney Gettle represented the Commonwealth in this matter.

ATTORNEY GETTLE:     I'll have to see – our one witness is flying in from Texas on Tuesday.

THE COURT:     Hopefully, she'll fly in on time.

ATTORNEY GETTLE:     Okay.

THE COURT:     We're starting Tuesday morning.

ATTORNEY MALLEUS:     And one other motion I would just like to make before we bring up the jury.  I would just like no mention of him not being here today.  It is his right to be here.

THE COURT:     Well, I think they're going to see that he's not here.

ATTORNEY MALLEUS:     I would not like anyone to mention that or draw attention to that.  It's his right.

ATTORNEY GETTLE:     Judge, in terms of –

THE COURT:     Well, it's probably a better way to do it.

ATTORNEY MALLEUS:     There may be, and I leave that to minds more wise than mine.

THE COURT:     I think – I think what I would say, and if you have no objection, is that he was given notice; however, **notice might have slipped** but hopefully he'll be here Monday.  If he doesn't show Monday there's going to be a warrant –

ATTORNEY MALLEUS:     Yeah. Yeah. Correct.  At that point, Your Honor, I have no –

THE COURT:     I don't know how you get around that he's not here, but Mr. Jefferis is not the defendant.

ATTORNEY MALLEUS:     I would just request that no one make mention of that.  That's what I'm requesting of that.

ATTORNEY GETTLE:     I wasn't planning on talking about why he's not here today.

And I just want to make sure, in terms of the record, **my understanding is Mr. Malleus did tell him and explain to him** that although trial starts next week that he's on the hook and should be available for this week for jury selection if this case was up to bat. So it's more than just saying he had had notice for next week. **That's my understanding of what he told his client.**

ATTORNEY MALLEUS: Well, I'm not sure – we have **had discussions about how the trial list works, specifically for the last trial term**. So I, you know, that's what I think.

THE COURT: Well, then I won't make any mention, but I'm just saying they're going to know he's not here. You have no defendant.

N.T. Jury Selection, 6/24/22, at 2-4 (emphases added). Thereafter, a jury was selected.

Appellant did not appear for his jury trial on June 28, 2022, and the following dialogue occurred before the jury entered the courtroom:

ATTORNEY GETTLE: . . . Your Honor, as you know, we picked the jury last Friday. [Appellant] was not present for jury selection. **My understanding is that the Public Defender's Office had advised [Appellant] back in May that this was his trial week**, that he needed to appear and keep in touch with the Public Defender's Office.

Obviously, they can speak to whether or not they've had contact with him since that time, but **as far as the Commonwealth is concerned there was notice provided of this trial term.**

THE COURT: All right. Mr. Malleus.

ATTORNEY MALLEUS: And as far as the many conversations, **I think it may have been a little bit misconstrued. We talked about the <u>May</u> trial term** and I think he had – **I'm almost certain, according to what you all said, he had notice of at least Monday, yesterday.**

THE COURT: Did he appear yesterday?

ATTORNEY MALLEUS:  Not to my knowledge, Your Honor.  Two other issues – I guess we can go issue by issue.

THE COURT:     All right.  So we'll issue a warrant for his arrest and bail will be forfeited.

* * * *

ATTORNEY MALLEUS:  Okay.  And just so I'm clear, trial in absentia was denied as well, correct?

THE COURT:     You didn't ask about that.

ATTORNEY MALLEUS:  Okay.  In accordance with my ethical obligations to my client, **I am basically mandated to object to a trial in absentia.**

THE COURT:     Denied.

N.T. Jury Trial, 6/28/22, at 4-5, 7.  Following trial, a jury found Appellant guilty on all counts.  On July 20, 2022, Appellant was arrested on the bench warrant issued for his failure to appear at trial.

On February 27, 2023, Appellant was sentenced to an aggregate one and half to three years of incarceration, followed by ten years of state probation.[5]  He is also required to register as a Tier III sexual offender upon his release from incarceration.  Appellant filed a timely post sentence motion for reconsideration asserting that the trial court failed to state its reason for imposing a sentence in the aggravated range of his sentencing guidelines.  The trial court directed the Commonwealth to respond within thirty days.  Thereafter, Appellant filed a notice of appeal.  On June 21, 2023, this Court dismissed the appeal as premature.

_____

[5] Appellant was present for his sentencing.

- 7 -

On August 2, 2023, Appellant filed the instant appeal, stating that the trial court failed to rule on his post sentence motion, and more than 120 days had lapsed since filing. Thereafter, this Court issued a rule to show why the instant appeal should not be quashed because there was no indication that Appellant's post sentence motion was resolved. *See* Order, 12/12/23. We further directed Appellant to file a *praecipe* for entry of an order denying the motion by operation of law in accordance with Pennsylvania Rule of Criminal Procedure 720 if he had not already done so.[6] *Id.*

Appellant responded that his post sentence motion was denied by operation of law on July 4, 2023, and the Clerk of Court failed to enter such order. He further asserted it was a breakdown of the judicial process and noted that neither the trial court nor the Commonwealth believed the appeal was premature. On December 18, 2023, the Clerk of Courts filed an order denying Appellant's post sentence motion by operation of law. Thereafter, we discharged the show cause order.

Following our initial review of this case, and finding the certified record incomplete and inadequate, it was unclear whether Appellant was provided notice of his jury selection and trial dates. Therefore, on August 23, 2024, we remanded to the trial court to supplement the record with documents that showed Appellant received notice in order to support its ruling to try the case

---

[6] Rule 720 provides that a trial court shall decide a post sentence motion within 120 days of filing. Pa.R.Crim.P. 720(B)(3)(a). If a trial court fails to rule on the motion within 120 days, the motion is deemed denied by operation of law. *Id.*

without Appellant's presence. The trial court utterly failed to do so. Instead, it provided documents that were already in the record and other documents not in the record, but also not relevant to the issue of notice.

Appellant raises two issues for our review, which we have renumbered for purposes of our discussion:

1. Whether the Commonwealth met its burden of proof by a preponderance of the evidence that the Appellant was absent without cause thus waiving his constitutional right to be present at his criminal proceedings.

2. Whether the trial court stated on the record the reasons for sentencing the Appellant in the aggravated range which exceeds the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing and what is necessary to protect the public and rehabilitate the Appellant.

Appellant's Brief at 4.

This Court reviews a decision to conduct a trial *in absentia* for an abuse of discretion. *See Commonwealth v. DeCosta*, 197 A.3d 813, 816 (Pa. Super. 2018). The remedy for violation of a defendant's right to be present is a new trial. *Id.* (awarding defendant a new trial where the Commonwealth failed to prove appellant was absent without cause by a preponderance of the evidence.) The United States and Pennsylvania Constitutions establish that a defendant has an absolute right to be present at trial but may expressly or implicitly waive that right by his or her conduct. *See Commonwealth v. Sullens*, 619 A.2d 1349, 1351 (Pa. 1992). Moreover, Pennsylvania Rule of Criminal Procedure 602, titled "Presence of the Defendant," provides in relevant part:

The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The **defendant's absence without cause** at the time scheduled for the start of trial or during the trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602(A) (emphasis added). The Comment accompanying Rule 602 states:

This rule was amended in 2013 to clarify that, **upon a finding that the absence was without cause**, the trial judge may conduct the trial in the defendant's absence when the defendant fails to appear without cause at the time set for trial or during trial.

\* \* \* \*

A defendant's presence may be deemed waived by the defendant intentionally **failing to appear** at any stage of the trial **after proper notice**. *See Commonwealth v. Wilson*, 712 A.2d 735 ([Pa.] 1998) (a defendant, who fled courthouse after jury was impaneled and after subsequent plea negotiations failed, was deemed to have knowingly and voluntarily waived the right to be present); *Commonwealth v. Sullens*, 619 A.2d 1349 ([Pa.] 1992) (when a defendant is absent without cause at the time of his or her trial is scheduled to begin, the defendant may be tried *in absentia*).

*Id.* cmt. (internal citations modified) (emphases added).

A court's determination of a defendant's absence without cause should consider whether the defendant had notice of the proceeding and whether the defendant voluntarily, knowingly and without justification failed to be present. *See Wilson*, 712 A.2d at 739. The Commonwealth bears the burden of proving that a defendant is absent without cause by a preponderance of the evidence. *See DeCosta*, 197 A.3d at 818. Moreover, in determining whether

- 10 -

trial *in absentia* constitutes reversible error, we are not limited to examining the record at the time that trial proceeded and must affirm if the entire record before us, including evidence from subsequent hearings, shows that the defendant's absence was without case. ***See Sullens***, 612 A.2d at 1352-53; ***see also Commonwealth v. Johnson***, 734 A.2d 864, 866-67 (Pa. Super. 1999) (appellant's admission at sentencing that he received notice of his trial date was a relevant factor in the analysis).

Appellant asserts that he did not have notice of the June 24, 2022 jury selection date nor the June 28, 2022 trial date and that there was no evidence he voluntarily absented himself from trial. To support its decision to proceed with trial *in absentia*, the trial court quoted defense counsel's statement that he attempted to contact Appellant, but that "**he must not have had notice of today**," and the Commonwealth's statement that "my understanding is Mr. Malleus did tell him and explain to him . . . [that] he should be available for this week." Trial Court Opinion, 10/2/23, at 6 (emphasis added). The trial court concluded this issue was frivolous and reasoned:

> [O]n the day of trial, the Chief Deputy District Attorney reiterated that the Appellant had notice back in May of 2022 to appear that week for trial. The Appellant's defense attorney confirmed that the Appellant had notice that his trial week started on Monday, June 27, 2022. The Appellant did not appear in [c]ourt on that Monday or the following day, June 28, 2022, when his trial began. The Appellant received several notifications from his defense attorney in several different ways, such as by phone, email, and mail, and failed to appear for both jury selection and his trial. He was then located by the U.S. Marshalls in Philadelphia after receiving several tips in reference to his whereabouts. It took from June 28, 2022, to July 10, 2022, to find the Appellant in a

- 11 -

different county. It is **clear that the Appellant had notice** of his impending trial and chose not to appear. Instead, he left the county and had to be located by U.S. Marshalls. Going forward with his jury trial *in absentia* was appropriate in light of the Appellant's actions.

*Id.* at 6-7 (citations to record omitted) (emphasis added).

We are constrained to conclude that the trial court abused its discretion because the records do not clearly show Appellant had notice of his jury selection on June 24, 2022, nor his jury trial on June 28, 2022. First, as discussed above, the certified record and docket entries in this case are severely lacking. There is an almost eight-month gap (October 21, 2021 to June 24, 2022) in the certified record, while the docket entries show several continuances during that time. There are no continuance motions or accompanying orders for November 15, 2021, February 16, 2022, March 29, 2022, and April 28, 2022. Nor is there a scheduling order for the "call of the list" on June 6, 2022.

Thus, there is no indication that: (1) the continuances occurred on the record; (2) Appellant was present in court for any of the continuances; and (3) Appellant received notice of any new court dates. Moreover, the docket entries themselves provide conflicting information. On April 28, 2022, the case was continued to June 27, 2022, but then on May 26, 2022, a "call of the list" was scheduled for June 6, 2022. Significantly, Appellant's jury selection (June 24, 2022) and trial start (June 28, 2022) dates do not appear on the docket entries.

Moreover, we provided the trial court a second opportunity to provide this Court with the missing continuance motions and scheduling orders. While we expected a reasonably prompt response, the trial court responded two and a half months later with information that we already possessed and had questioned, as well as other documents that are not relevant to the issue of whether Appellant was provided notice. Therefore, we must conclude that Appellant did not have notice of his jury selection and trial dates because the trial court was unable to provide such documentation.

Second, the burden is on the Commonwealth to prove Appellant's absence was without cause, or in this case, that Appellant had notice of his jury selection and trial dates. We agree with Appellant that the representation by the Commonwealth as to how the public defender's office, and specifically, Attorney Malleus, operate constituted hearsay. **See** Appellant's Brief, at 37. Significantly, Appellant's counsel did not adopt the Commonwealth's statement and explicitly stated that despite attempts to contact his client, he did not believe Appellant had notice of either date. **See** N.T. Jury Selection, at 2; N.T. Trial, at 4.

At no point did defense counsel concede that Appellant received notice. In fact, he argued that the Commonwealth misconstrued what he discussed with Appellant in terms of his jury selection and trial dates. "We talked about the May trial term and I think he had – **I'm almost certain, according to what you all said**, he had notice of at least Monday, yesterday." N.T. Trial,

at 4 (emphasis added). Counsel's qualifying statement that "according to what you all said" does not equate to a finding that counsel "confirmed" Appellant had notice that his trial week began June 27, 2022. Nor is it proof by a preponderance of evidence that Appellant had notice of his jury selection or trial start date. This is corroborated by defense counsel's request for a continuance to try to contact and/or locate his client, and his objection to proceeding with a trial *in absentia*. **See** N.T. Jury Selection, at 23; N.T. Trial, at 7.

The transcript does not establish when defense counsel attempted to reach Appellant or for which trial term these attempts were made. Neither the trial court nor the Commonwealth adduced any further evidence of attempts to locate or even contact Appellant before commencing jury selection and trial *in absentia*. Additionally, despite Appellant's presence at sentencing, neither the trial court nor the Commonwealth inquired why he failed to appear for his jury selection and trial dates.

Lastly, we acknowledge the trial court's frustration with Appellant. We remind Appellant, that an individual on bail has responsibilities to the courts and the efficient administration of justice. **See Wilson**, 712 A.2d at 738. Appellant also has affirmative duties to remain in contact with his attorney. Here, it is only the unique circumstances of his case, namely the inadequate certified record and docket sheet, combined with the lack of evidence

concerning the efforts to locate or contact Appellant, that compel our decision that the trial court abuse its discretion.[7]

Judgment of sentence vacated. Case remanded for new trial. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2024

---

[7] Based on our disposition, we do not reach Appellant's challenge to the discretionary aspects of his sentence.