**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Rose HILBURN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 15, 1999.

Filed Feb. 8, 2000.

Donald M. Leeth, Public Defender, Stroudsburg, for appellant.

Mark P. Pazuhanich, Dist. Atty., Stroudsburg, for Com., appellee.

Before JOHNSON, EAKIN, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Rose Hilburn (appellant) appeals the judgment of sentence entered on June 25, 1998. We affirm.

¶ 2 On October 29, 1996, appellant presented two prescriptions for controlled substances to pharmacist Dale McFarland at John's Pocono Mountain Pharmacy. Mr. McFarland was suspicious and notified appellant that he intended to check their authenticity. Appellant left the store while Mr. McFarland was on the telephone. Subsequent investigation revealed that the signatures were in fact forged, and appellant was charged with forgery and attempted acquisition of a controlled substance by fraud. *See* N.T., 3/5/98, at 32.

¶ 3 Appellant failed to appear at her trial on March 5, 1998, and she was convicted *in absentia*. She failed to appear for sentencing on April 29, 1998. The court granted a 60–day continuance, but appellant again failed to appear on that date. The trial court sentenced her to a period of incarceration of 42 to 84 months.

¶ 4 Appellant presents three issues for our review:

I. Did the trial court erroneously grant the Commonwealth's motion in limine excluding evidence of mental state in relation to the defense of duress?

II. Did the trial court abuse its discretion in conducting defendant's trial *in absentia* where defendant was necessary to establish a defense of duress and absent due to her mental state?

III. Did the trial court abuse its discretion in sentencing defendant *in absentia?*

Appellant's brief at 4.

 ¶ 5 Appellant first argues that evidence of her mental state should not have been excluded. "[T]he decision whether or not to admit evidence is within the discretion of the trial court, and will not be reversed absent an abuse of that discretion." *Commonwealth v. Wagner*, 383 Pa.Super. 128, 556 A.2d 462, 463 (1989). "Reversal based on the exclusion of evidence requires a showing of abuse of discretion as well as a showing of actual prejudice." *Id.*

 ¶ 6 Appellant argues that the trial court should not have excluded the testimony of psychiatrist Dr. Turnberg because she would have used that testimony to establish duress. She contends that Dr. Turnberg would have testified that "due to the defendant's emotional and psychiatric condition ... the defendant was subject to, possibly being subject to duress." Appellant's brief at 9.

 ¶ 7 A defense of duress requires: "(1) immediate or imminent threat of death or serious bodily injury; (2) well grounded or reasonable fear that the threat will be carried out; and (3) no reasonable opportunity to escape threatened harm except by committing the criminal act." *Commonwealth v. Baskerville*, 452 Pa.Super. 82, 681 A.2d 195, 200 (1996) (quoting *Commonwealth v. Morningwake*, 407 Pa.Super. 129, 595 A.2d 158, 164, *allocatur denied*, 529 Pa. 618, 600 A.2d 535 (1991)).

¶ 8 Appellant confuses the defense of duress with evidence of emotional disturbance.

> Appellant submits that he acted "under 'extreme mental or emotional disturbance' or under 'extreme duress.'" In making this argument, Appellant erroneously equates duress with mental or emotional disturbance. Duress is a defense whereby an actor may claim that he was coerced to engage in unlawful conduct by the use, or threat of use, of unlawful force against his person.

*Commonwealth v. Wilson*, 538 Pa. 485, 649 A.2d 435, 449 n. 14 (1994) (citations omitted).

¶ 9 Dr. Turnberg's testimony concerned appellant's mental health and, at most, could show appellant's proclivity to suggestion or emotional pressure. Dr. Turnberg's testimony would not have established all of the elements of the defense of duress had it been admitted. After a careful review of the record, we are unable to find any evidence that would lend support to the first element of duress, namely an immediate or imminent threat of death or serious bodily injury. Thus, as a matter of law, this defense would have failed. Accordingly, the trial court was within its discretion to exclude the testimony of Dr. Turnberg, and appellant was not prejudiced by the exclusion of this evidence.

 ¶ 10 Appellant next argues that the trial court abused its discretion when it tried her *in absentia*. While it is true that normally nothing shall be done in the ab-

sence of appellant, *see Commonwealth v. Craddock*, 370 Pa.Super. 139, 535 A.2d 1189, 1192 (1988), under certain circumstances appellant's right to be present during trial may be waived by her words *or her actions. See id.* at 1192.

¶ 11 Rule 1117 of the Pennsylvania Rules of Criminal Procedure states, "absence without cause shall not preclude proceeding with the trial including the return of the verdict." Pa.R.Crim.P. 1117(a). Appellant also must have been advised when the proceedings were to commence and must have knowingly, voluntarily, and without justification failed to be present at the designated time and place of the trial. *See Commonwealth v. Wilson*, 551 Pa. 593, 712 A.2d 735, 739 (1998). Lastly, before exercising its discretion to proceed *in absentia*, a trial court must weigh the specific circumstances of the case such as the probability that the defendant will return and the difficulty of rescheduling the trial. *See id.*

¶ 12 We find no evidence in the record of good cause for appellant's absence during trial. At the Reconsideration Hearing, counsel for appellant argued that appellant was the victim of sexual abuse and suffers from bulimia, depression, post-traumatic syndrome and psychological problems resulting from a traumatized childhood. *See* N.T. Reconsideration Hearing, 4/26/99 at 5. While we are sympathetic to appellant's traumatic experiences and medical conditions, we disagree with counsel's assertion that a troubled personal history by itself should bring the operation of the judiciary to a standstill. Accordingly, appellant has failed to present a specific and identifiable good cause for her absence on the day of the trial.

¶ 13 We also find that appellant knowingly and voluntarily failed to appear for her trial. Appellant was present for the jury selection. *See id.* at 3. At the conclusion of jury selection, Judge Peter J. O'Brien stated, "[t]rial will commence tomorrow morning." *Id.* Moreover, appellant's counsel represented to the court that appellant was aware of the importance of her attendance at trial:

> And quite frankly, I had spent a considerable amount of time with my client preparing for trial and, quite frankly, there was an extraordinarily fine defense available to her, but it absolutely, positively required her to be here to assert it, and the defense could not have been asserted in her absence due to the very nature of the defense, a duress-defense, which required her to testify, and she knew that clearly she had to testify.

*Id.*

¶ 14 Finally, we find that the trial court appropriately considered all of the circumstances of this case prior to proceeding in appellant's absence. Judge O'Brien asked counsel if he knew of any justifiable excuse for appellant's absence and whether appellant would be present if the trial were delayed to a later time in the day. *See* N.T. 3/5/98, at 3–4. Counsel replied in the negative. *See id.*

¶ 15 Appellant was voluntarily absent from trial without cause. In addition, the trial court made a logical and sufficient inquiry into the circumstances of appellant's absence. Accordingly, appellant's second argument is without merit.

¶ 16 Lastly, appellant claims that she was denied a fair trial because she was sentenced *in absentia.* This court uses the same analysis for absence at the sentencing phase as it does for absence at trial. *See, e.g., Craddock*, 535 A.2d at 1191–92.

¶ 17 During the sentencing proceeding, counsel for appellant stated:

> Just to protect the record and to protect myself at the same time. As this Court is well aware, the defendant was present for the voir dire and jury selection, but apparently absented herself from the trial without cause, and I represented to the Court at that time that I could not indicate that she would be available.

Apparently, she is still not available. I did communicate with the mother, expressing to the mother my deep concern over this and expressing the possibility that a failure to appear at sentencing, if sentence was imposed, may seriously impact on her ability with respect to pursuing appellate issues, and may be considered as waivers, and certainly urged her to be here today. Quite frankly, I had received telephone communication earlier on from the mother indicating she would be here today, and quite frankly I didn't believe it, and obviously she is not here today.

N.T., Sentencing Hearing, 4/26/98, at 10–11. Accordingly, as with our earlier analysis, we conclude that appellant did not have good cause for her absence on the day of sentencing and was knowingly and voluntarily absent.

¶ 18 There is other evidence indicating that appellant had no intention of participating in the sentencing proceedings. At the sentencing hearing, Assistant District Attorney Barney Anderson questioned Deputy LaBar of the Monroe County's Sheriff's Office about attempts made to locate appellant. *See id.* at 3–4. Deputy LaBar testified that the Sheriff's Department made fifteen or sixteen attempts to locate appellant to no avail. *See id.* at 4. At the conclusion of the sentencing proceedings on April 29, 1998, Judge O'Brien granted a continuance for sixty days in an effort to give appellant one additional opportunity to make an appearance. *See id.* at 15. At the subsequent hearing on June 25, 1998, appellant still did not appear in court.

¶ 19 The trial court exercised considerable patience while examining the specific facts and circumstances of this case prior to rendering a sentence. Accordingly, we find that the trial court did not abuse its discretion when it sentenced appellant *in absentia.*

¶ 20 Judgment of sentence AFFIRMED.