J-S32026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRANDI MIA ROLLAND :
:
Appellant : No. 1741 MDA 2017

Appeal from the Judgment of Sentence October 10, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003653-2016

BEFORE: PANELLA, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED OCTOBER 09, 2018**

Appellant Brandi Mia Rolland appeals from the judgment of sentence of ten days to six months' imprisonment imposed following a bench trial held in *absentia* and conviction for driving under the influence (DUI) of a controlled substance, graded as a misdemeanor.[1] On appeal, she contends the court erred by holding a trial in her absence and challenges the sufficiency of evidence. We affirm.

We adopt the facts as set forth in the trial court's opinion:

On April 20, 2016 at 11:50 [p.m.], Officer Andrew Orwig, a patrol officer for the Ephrata Police Department, received a report of a reckless driver in a dark color sedan traveling southbound on South Reamstown road. While driving north to intercept the vehicle, he observed the headlights of an oncoming vehicle cross

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(2).

the center lane and halfway enter his lane of traffic. The vehicle then abruptly swerved to the other side and nearly struck the curb along the roadway. Officer Orwig then turned onto a side street and allowed the vehicle to pass him. The vehicle subsequently came to a complete stop in the middle of the traveling lane for two to five seconds before proceeding southbound. At that time, Officer Orwig matched the description provided in the radio report to the vehicle. The officer then pulled out from the side street and continued southbound to follow the vehicle.

Upon approaching the vehicle Officer Orwig entered the registration of the car into his patrol car's database. The vehicle was registered to [Appellant]. While following [Appellant's] vehicle he observed a broken right taillight on the passenger side. As the two vehicles advanced towards a four-way stop sign Officer Orwig noticed that [Appellant's] vehicle traveled one car length into the intersection before stopping. As [Appellant] continued to travel southbound the officer observed the vehicle cross over the double yellow line until 25 percent of her vehicle was in the opposing lane of traffic. Officer Orwig then activated the emergency lights and sirens on his patrol car to conduct a traffic stop.

Sergeant Philip Snavely and Officer Beth Rivera, with the Ephrata Police Department, who were following Officer Orwig, then took over the traffic stop and Officer Orwig was instructed to provide cover. Upon approaching the vehicle, Officer Snavely observed what appeared to be a marijuana pipe in the driver's side door. He requested that [Appellant] hand the pipe to Officer Rivera which she did. At that time Sergeant Snavely observed that [Appellant] had trouble focusing and finding the appropriate documents to hand to Officer Rivera and suspected that [Appellant] may be impaired. After two or three minutes Officer Rivera received the documents from [Appellant] and matched [Appellant] to her out of state driver's license, her temporary Pennsylvania driver's license, and her PennDOT photo as Brandi Rolland.

Sergeant Snavely conducted preliminary impairment tests and asked [Appellant] to recite the alphabet and perform a finger dexterity test. Based on the results of those tests he believed that standard field sobriety tests were warranted. After conducting the standard field sobriety tests, [Appellant] presented with multiple

cues of impairment and Sergeant Snavely instructed Officer Rivera to arrest her for D.U.I. He then contacted drug recognition expert Sergeant Jared Hahn from the Lititz Borough Police station to perform an evaluation on [Appellant].

[Appellant] was transported to the Lititz Borough Police Station and Sergeant Hahn obtained a waiver of rights from [Appellant] who agreed to proceed with the drug recognition evaluation. After performing a series of tests designed to assess impairment and observing [Appellant] give multiple clues of impairment consistent with marijuana use, Sergeant Hahn determined that [Appellant] was impaired to the level that she could not operate a vehicle safely.

Trial Ct. Op., 2/20/18, at 1-3 (unpaginated and citations omitted).

Appellant was charged with DUI, among other offenses, and released on bail. In relevant part, on August 24, 2017, the court scheduled the bench trial for October 10, 2017, at 1:30 p.m. Order, 8/24/17. The order stated that the "trial date will not be continued except for extraordinary circumstances." *Id.* The order was served on, among others, Appellant's counsel.

At the October 10, 2017 bench trial, the following transpired:

(1:40 p.m.)

The court: The date is October 10, and this is the time scheduled for the non-jury trial in the case of the Commonwealth versus Brandi Rolland, Docket 3653 of 2016. [Appellant] is not here. [Appellant's counsel], were you able to send notice of time and place of the trial to your client?

[Appellant's counsel]: Your Honor, on August 25th of this year, I did send a letter to the last address that I had on file for [Appellant] informing her that trial was set for today at 1:30 p.m. in courtroom number 5. The letter was not returned. However, I'm not satisfied that my client did receive the letter. First of all, she's not here. She has attended previous court dates on getting notice. Second of all, my client is a little more transient as she was homeless at the time of this incident, and the phone numbers

- 3 -

that I have had on file no longer work. So I was not able to get in contact with her. That being said, I understand Your Honor did wish to issue a bench warrant under these circumstances, but we would submit there's not enough showing for cause to proceed in absentia at this time.

The court: The notice of the date and time of today's proceeding was sent to her last address and it was not returned?

[Appellant's counsel]: Yes, Your Honor.

The court: Very good. We're going to proceed. Commonwealth call your first witness.

N.T. Trial, 10/10/17, at 3-4 (all-capitalization omitted).

At trial, in relevant part, Officer Rivera testified that Appellant provided her California driver's license and a temporary Pennsylvania driver's license to her. *Id.* at 56-57. Officer Rivera specifically testified that the photo on the temporary driver's license matched Appellant. *Id.* at 57. Sergeant Hahn testified that it was his usual practice to verify the identity of the person he evaluates for drug impairment, although he did not specifically recall doing so for Appellant. *Id.* at 115. Appellant's counsel cross-examined both witnesses. At the conclusion of the trial, the court found Appellant guilty. *Id.* at 130.

The court asked the prosecutor for the sentencing guidelines and asked Appellant's counsel whether she had any objection. *Id.* Appellant's counsel stated, "I would object with the court proceeding to sentencing, but I agree that my client has no prior record and the current offense gravity score is one." *Id.* The court then imposed its sentence of ten days to six months' imprisonment, a fine of $1,000, and costs. *Id.* The court issued a bench

warrant that same day, which listed the address that Appellant's counsel used. Bench Warrant, 10/11/17.[2] Appellant did not file any post-trial motions. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.[3]

In support of her first issue, Appellant begins her argument by summarizing several cases, including *Commonwealth v. Wilson*, 712 A.2d 735 (Pa. 1998), and *Commonwealth v. Hilburn*, 746 A.2d 1146 (Pa. Super.

---

[2] The bench warrant was dated October 10, 2017, and docketed on October 11, 2017. Given that the court had sentenced her to a maximum of six months' imprisonment and that the docket reflects parole was granted on October 24, 2017, and set to expire on April 23, 2018 (six months later), it would appear that Appellant was apprehended on October 24th and immediately paroled.

[3] Subsequently, on December 12, 2017, the Commonwealth filed a petition to issue *capias* and bench warrant. The petition noted that parole was granted on October 24, 2017, and was set to expire on April 23, 2018. Pet. to Issue *Capias* and Bench Warrant, 12/2/17, at 1 (unpaginated). The petition alleged that on November 21, 2017, Appellant failed to report for intake and failed to appear for a December 8, 2017 appointment. *Id.* The court granted the petition and ordered a bench warrant for Appellant's arrest, which listed the address Appellant's counsel had on file. *Id.* On December 18, 2017, the court dismissed its *capias* and bench warrant. Order, 12/18/17. The court instructed Appellant to report to intake within "24 hours of her release." *Id.* On January 11, 2018, the Commonwealth filed a second petition to issue *capias* and bench warrant. The petition averred that parole was granted on December 18, 2017, and set to expire on April 23, 2018. The petition also claimed that parole was ineffective because Appellant violated two conditions of parole and that Appellant was presently in custody in the Lancaster County prison. Pet. to Issue *Capias* and Bench Warrant, 1/11/18, at 1 (unpaginated). The court granted the petition and issued a bench warrant. On February 23, 2018, the court held a parole violation hearing, found her in violation, and sentenced her to ten days to six months' imprisonment.

2000).[4]  Appellant's Brief at 11-14.  Appellant contends that her cases are distinguishable because, unlike the defendants in **Hilburn** and **Wilson**, she was not present at trial, did not know the date and time for trial, and thus could not be willfully absent.  **Id.** at 14.  Appellant points out that her trial counsel notified the court that Appellant was homeless at the time of the offense.  **Id.**  She contends the evidence was insufficient to establish she knew the date and time of her trial and thus, the Commonwealth failed to establish "by a preponderance of the evidence that Appellant's absence was without cause."  **Id.** at 15.

The following principles govern our review.  "A defendant has the absolute right to be present at all stages of the criminal proceedings against him.  The trial court has the discretion to grant or deny a request for a continuance.  Such grant or denial will be reversed only on a showing of an abuse of discretion."  **Commonwealth v. Pantano**, 836 A.2d 948, 950 (Pa. Super. 2003) (citations omitted).  "Where a trial court denies a request for continuance, discretion is abused where the defendant's right outweighs the Commonwealth's need for efficient administration."  **Id.** (citation omitted).

Pennsylvania Rule of Criminal Procedure 602(A) governs:

(A) The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.  The defendant's absence without cause at the time

---

[4] We summarize these cases below.

scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602(A).

The comment to Rule 602(A) states as follows:

This rule was amended in 2013 to clarify that, upon a finding that the absence was without cause, the trial judge may conduct the trial in the defendant's absence when the defendant fails to appear without cause at the time set for trial or during trial. The burden of proving that the defendant's absence is without cause is upon the Commonwealth by a preponderance of the evidence. *See Commonwealth v. Scarborough*, 491 Pa. 300, 421 A.2d 147 (1980) (when a constitutional right is waived, the Commonwealth must show by a preponderance of the evidence that the waiver was voluntary, knowing and intelligent); *Commonwealth v. Tizer*, 454 Pa. Super. 1, 684 A.2d 597 (1996). *See also Commonwealth v. Bond*, 693 A.2d 220, 223 (Pa. Super. 1997) ("[A] defendant who is unaware of the charges against him, unaware of the establishment of his trial date or is absent involuntarily is not absent 'without cause.'").

* * *

A defendant's presence may be deemed waived by the defendant intentionally failing to appear at any stage of the trial after proper notice. *See Commonwealth v. Wilson*, 551 Pa. 593, 712 A.2d 735 (1998) (a defendant, who fled courthouse after jury was impaneled and after subsequent plea negotiations failed, was deemed to have knowingly and voluntarily waived the right to be present); *Commonwealth v. Sullens*, 533 Pa. 99, 619 A.2d 1349 (1992) (when a defendant is absent without cause at the time his or her trial is scheduled to begin, the defendant may be tried *in absentia*).

Pa.R.Crim.P. 602(A) cmt.

In *Wilson*, the defendant appeared at a suppression hearing, jury selection, and the morning of the first day of trial but before the jury was sworn. *Wilson*, 712 A.2d at 736. The defendant fled the courtroom before

the jury was sworn. *Id.* The Commonwealth argued that it did nothing to force Appellant's flight, and the court held trial *in absentia*. *Id.* The defendant appealed the trial court's decision to have a trial without him.

In *Wilson*, the Pennsylvania Supreme Court explained:

A defendant who is released on bail before trial gives the court his or her assurance that he or she will stand trial and submit to sentencing if found guilty. Unless the defendant is prevented from attending the proceedings for reasons beyond his or her control, then the defendant is expected to be present at all stages of the trial. A defendant owes the court an affirmative duty to advise it if he or she will be absent. If a defendant has a valid reason for failing to appear, for example, if he or she has a medical emergency or is called to leave because of a family emergency, then the defendant can alert the court personally or through counsel of the problem. When, however, the defendant leaves the trial abruptly, without an explanation to either his lawyer or the court, this may be regarded as an absence without cause.

*Wilson*, 712 A.2d at 738 (citation omitted). Based on this reasoning, the *Wilson* Court affirmed the trial court's decision to hold a trial *in absentia*. *Id.* at 739.

In *Hilburn*, the defendant was tried *in absentia*, and she appealed that decision to this Court. *Hilburn*, 746 A.2d at 1148. The *Hilburn* Court held that the defendant was present for jury selection, after which the trial court notified her that trial would begin the next day. *Id.* at 1149. The defendant's trial counsel testified that she was aware her attendance was mandatory. *Id.* The *Hilburn* Court concluded that "the trial court made a logical and sufficient inquiry into the circumstances of" her absence and the record revealed no evidence of good cause. *Id.*

Here, Appellant was released on bail prior to trial. On the day of trial, the trial court questioned whether Appellant was notified of the time and date of trial. *See* N.T. Trial at 3-4. Appellant's counsel informed the court that she had mailed the notice to Appellant's last known address and was unable to phone her. *See id.* Counsel noted, however, that Appellant had consistently attended prior court dates after receiving notice. *See id.* Like the defendant in *Wilson*, Appellant was released on bail and appeared at all prior hearings and failed to provide any reason or explanation for not appearing at trial. *See Wilson*, 712 A.2d at 738-39. Similar to *Hilburn*, the court inquired into the circumstances of Appellant's absence. *See Hilburn*, 746 A.2d at 1149. We note that to date, Appellant has not explained her absence despite appearing at prior court proceedings after receiving notice at the address her counsel had on file. *See* N.T. Trial at 3-4. Accordingly, Appellant has not established an abuse of discretion. *See Pantano*, 836 A.2d at 950.

With respect to her last issue, Appellant contends that the Commonwealth failed to prove that she was the driver. Appellant's Brief at 15. According to Appellant, although the police "ran the information" through the computer, the police "could not recall checking to make sure the picture matched the driver or the photos on the documentation" that Appellant had provided. *Id.* at 16. The police, according to Appellant, also could not recall whether they asked Appellant for her identification prior to performing a drug recognition evaluation, although they testified it was "regular practice." *Id.*

In Appellant's view, there was no testimony proving beyond a reasonable doubt that Appellant was the actual culprit "and not someone with her paperwork." *Id.*

The standard of review for a sufficiency challenged is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (citations omitted).

In addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes. Evidence of identification need not be positive and certain to sustain a conviction.

Our Supreme Court has stated that any indefiniteness and uncertainty in the identification testimony goes to its weight. Direct evidence of identity is, of course, not necessary and a defendant may be convicted solely on circumstantial evidence.

*Commonwealth v. Strafford*, \_\_\_ A.3d \_\_\_, 2018 PA Super 223, at 13 (Pa. Super. 2018) (internal citations and quotation marks omitted).

Here, Officer Rivera testified at trial that Appellant's appearance matched the photo on her temporary driver's license. *See* N.T. Trial, 10/10/17, at 56-57. Sergeant Hahn similarly testified that it was his usual

- 10 -

practice to verify a person's identity before testing that person for drug impairment. ***See id.*** at 115. Their verification of Appellant's identity was subject to cross-examination. After viewing the record in the Commonwealth's favor, we perceive no error by the trial court. ***See Widmer***, 744 A.2d at 751; ***Strafford***, 2018 PA Super 223, at 13. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/09/2018