J-S05011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :            PENNSYLVANIA
                                    :
          v.                        :
                                    :
                                    :
OMARI KENYATTA WILSON       :
                                    :
          Appellant           :     No. 504 MDA 2019

Appeal from the Judgment of Sentence Entered March 4, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004492-2016

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:              **FILED MAY 21, 2020**

Appellant, Omari Kenyatta Wilson, appeals from the judgment of sentence entered on March 4, 2019, in the Dauphin County Court of Common Pleas. After review, we affirm.

The record reveals that on May 9, 2016, the Commonwealth charged Appellant with one count of simple assault.[1] Complaint, 5/9/16. Appellant failed to appear at his arraignment, and in response, the trial court issued a bench warrant for Appellant's arrest. Order, 9/23/16.

On August 21, 2018, Attorney Alexander Korn entered his appearance as counsel for Appellant. On September 5, 2018, the trial court scheduled Appellant's trial to begin on September 24, 2018. After a continuance,

_____

[1] 18 Pa.C.S. § 2701(a)(1).

Appellant's trial was rescheduled for January 14, 2019.  However, on January 15, 2019, the Commonwealth filed a motion to revoke Appellant's bail and issue a bench warrant.  In the motion, the Commonwealth alleged that on January 14, 2019, Appellant appeared at the home of Erica Reed ("Ms. Reed"), his victim in the underlying simple assault, and began kicking her door.  Motion, 1/15/19.  That same day, the trial court granted the Commonwealth's motion to revoke Appellant's bail and issued a bench warrant.  Order, 1/15/19.

On January 16, 2019, the trial court ordered trial to begin the following morning.  However, on January 17, 2019, Appellant did not appear in court, and Appellant's trial counsel moved for a continuance.  The record reveals the following:

> ATTORNEY KORN: We would be respectfully requesting a continuance, Your Honor, the defense.
>
> THE COURT: And the reason for the continuance?  Where is your client?
>
> ATTORNEY KORN: Your Honor, I am not at liberty to discuss any attorney/client communications at this time.

N.T., 1/16-17/19, at 3.

In its opinion, the trial court expanded on this exchange with Appellant's trial counsel and stated:

> Immediately prior to starting trial on January 17, 2019, this [c]ourt noted that [Appellant] was not present, and inquired as to whether he had been given notice of his trial. The Deputy District Attorney responded that [Appellant] had been given notice. Jury Trial, January 17, 2019, Notes of Testimony, p. 3.[1]

<sup>1</sup> The Commonwealth requested a consciousness of guilt instruction, which this [c]ourt denied. Specifically, the [c]ourt determined that such instruction did "not apply to this particular fact pattern," and went on to state the following:

> But I will be instructing them that the burden is always on the Commonwealth, as [Appellant] has no obligation to present any evidence and I'm going to include even be present at trial – because we don't know the reason for their not being present – and that the Commonwealth's evidence should be weighed ... and not hold it against him that he's not present.

Jury Trial, 1-17-19, N.T., pp. 4-5. In both the preliminary instructions and final instructions to the jury, this [c]ourt stated that the fact that [Appellant] was not present for trial should not be held against him, should not be a factor in the jury's consideration, and no inference of guilty should be drawn due to [Appellant's] absence. Jury Trial, 1-17-19, N.T., pp, 7, 81.

Trial Court Opinion, 6/25/19, at 1.

The trial court tried Appellant *in absentia*. At the conclusion of the trial, the jury found Appellant guilty of simple assault. N.T., 1/17/19, at 90.<sup>2</sup> On March 4, 2019, the trial court sentenced Appellant to a term of one to two

---

<sup>2</sup> The January 17, 2019 notes of testimony reflect that Attorney Korn represented Appellant throughout the jury trial. N.T., 1/17/19, *passim*. It is unclear from the record at what point Attorney Korn ceased representing Appellant; however, on January 29, 2019, Appellant's current counsel, Jacqulyn Gagliardi, Esquire, entered her appearance for Appellant. Praecipe, 1/29/19.

years of incarceration. On March 27, 2019, Appellant filed a timely appeal.

Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

I. Whether the trial court abused its discretion when it failed to grant Appellant's counsel's multiple requests for a continuance prior to the commencement of trial on January 17, 2019, when Appellant's counsel indicated the reason for the request was subject to attorney-client privilege?

II. Whether the trial court failed to meet the standard for holding a trial in absentia when Appellant was not present for his jury trial on January 17, 2019[,] when it failed to make a ruling on the record that Appellant had been notified of his constitutional right to be present at trial and the risks of failing to exercise those rights and that he had knowingly and intelligently waived those rights?

Appellant's Brief at 4.

Appellant first asserts that the trial court should have granted his motion for a continuance. Appellant's Brief at 8. Our Supreme Court has held that "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." **Commonwealth v. Brooks**, 104 A.3d 466, 469 (Pa. 2014). An abuse of discretion is not merely an error of judgment; rather, discretion is abused when "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record." **Id.** (citation omitted). Additionally, our Rules of Criminal Procedure provide as follows:

**Continuances in Summary and Court Cases**

(A) The court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.

(B) When the matter is before an issuing authority, the issuing authority shall record on the transcript the identity of the moving party and the reasons for granting or denying the continuance.

(C) When the matter is in the court of common pleas, the judge shall on the record identify the moving party and state of record the reasons for granting or denying the continuance. The judge also shall indicate on the record to which party the period of delay caused by the continuance shall be attributed and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with Rule 600.

(D) A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

(E) When a continuance is granted, the notice of the new date, time, and location of the proceeding shall be served on the parties as provided in these rules.

Pa.R.Crim.P. 106.

The record reveals that Appellant's trial counsel moved for a continuance on the day of trial. N.T., 1/16-17/19, at 3. There is no evidence in the record necessitating this motion apart from Appellant's absence. Nevertheless, Appellant avers that attorney-client privilege precluded informing the trial court of the basis for the motion. Appellant's Brief at 8.

- 5 -

As stated above, trial counsel stated only: "I am not at liberty to discuss any attorney/client communications at this time." N.T., 1/16-17/19, at 3. However, trial counsel never asserted "privilege" or any other basis for a continuance. Rather, trial counsel merely provided a vague answer to the trial court's inquiry. After review, the only reason apparent in the record for seeking a continuance was Appellant's failure to appear in court. Because Appellant did not provide any basis for a continuance other than the bald assertion noted above, we discern no abuse of discretion. Appellant is due no relief on this claim of error.

Next, Appellant avers that the trial court abused its discretion when it proceeded with the trial in his absence. Appellant's Brief at 10. It is well settled that:

> A criminal defendant has the right to be present at all stages of criminal proceedings. **Commonwealth v. Wilson**, 551 Pa. 593, 712 A.2d 735, 737 (1998). … [A] defendant who is absent without cause at the start of trial may be tried *in absentia*. **Commonwealth v. Johnson**, 734 A.2d 864, 866, 867 (Pa. Super. 1999). The decision to proceed with trial rather than to grant a continuance is within the trial court's discretion. **Id.** An abuse of discretion is not a mere error of judgment; it involves bias, partiality, prejudice, ill-will, or manifest unreasonableness. **Commonwealth v. Busanet,** 572 Pa. 535, 817 A.2d 1060, 1076 (2002).

**Commonwealth v. Flores**, 921 A.2d 517, 525 (Pa. Super. 2007). Our Rules of Criminal Procedure provide, in relevant part:

**Presence of the Defendant**

(A) The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict,

- 6 -

and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602(A).

The trial court addressed this issue as follows:

In [*Commonwealth v.*] *Wilson*, [712 A.2d 735 (Pa. 1988)], the Pennsylvania Supreme Court stated: "Unless the defendant is prevented from attending the proceedings for reasons beyond his or her control, then the defendant is expected to be present at all stages of the trial. A defendant owes the court an affirmative duty to advise it if he or she will be absent." *Wilson, supra*, 712 A.2d at 738. "As far back as 1784, the Pennsylvania Supreme Court indicated that absenting oneself from facing trial did not violate a person's jury rights. [*Respublica*] *v. Doan*, 1 Dall. 86, 1 L.Ed. 47 (Pa. 1784)." *Commonwealth v. Kelly*, 78 A.3d 1136, 1141 (Pa. Super. 2013). "Hence, it is long established that where a person absents himself from trial, his jury trial right is not infringed." *Id.* at 1142.

Here, the trial court questioned whether [Appellant] had been notified of the trial[,] and the record reflects that [Appellant] had been given notice. His explanation, after the fact, does not excuse his absence.[2] [Appellant] acknowledged he was aware of his trial date. It is not up to this [c]ourt to keep a defendant apprised of the time of trial when he is aware of the scheduled date. [Appellant] had an affirmative duty to remain in touch with his counsel and the [c]ourt; his bail conditions required such. There is no evidence that he attempted to contact counsel, the [c]ourt's chambers,[3] or the office of court administration that day to determine his trial status. Further, [Appellant] did not appear at the courthouse that day to review the status of his case on the court administration monitor posted on all floors of the courthouse. There was no justifiable explanation provided for [Appellant] not appearing at trial. *See Commonwealth v. Hilburn*, 746 A.2d 1146, 1148 (Pa. Super. 2000) (defendant was properly tried *in absentia* where "the trial court made a logical and sufficient inquiry into the circumstances of" defendant's absence, and the record revealed no evidence of good cause); *Wilson, supra*.

[2] [Appellant] briefly addressed his jury trial absence after the trial was over, at the sentencing hearing. He stated that the reason he did not appear at trial was "because Ms. Reed had my phone." Sentencing Hearing, March 4, 2019, Notes of Testimony, p. 6. Even had this information been provided to the [c]ourt at the appropriate time, such reasoning falls far short of a valid reason for failing to appear. *Wilson, supra*.

[3] [Appellant] had a specific judge assigned to his case and no inquiry was made to chambers.

Trial Court Opinion, 6/25/19, at 3-4.

We agree with the trial court's assessment. The record reveals that Appellant had notice of the date and time of trial. N.T., 1/17/19, at 3. However, Appellant did not contact the trial court or court administration regarding an inability to appear at trial. Moreover, Appellant's counsel never averred that Appellant notified him that Appellant would be unable to attend the proceedings. There is no evidence that Appellant was precluded from attending trial by circumstances beyond his control, and it was reasonable for the court to conclude that Appellant absented himself voluntarily and waived his right to be present. **Wilson**, 712 A.2d at 739. We discern no abuse of discretion in the trial court proceeding in Appellant's absence, and we conclude Appellant is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2020