J-A19015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :           PENNSYLVANIA
    :
    v.          :
    :
    :
EVA RENEE HEPDING    :
    :
    Appellant    :    No. 1454 MDA 2023

Appeal from the Judgment of Sentence Entered September 14, 2023
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0005828-2021

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:        **FILED NOVEMBER 22, 2024**

Eva Renee Hepding appeals from the judgment of sentence entered on September 14, 2023, after she pled *nolo contendere* to simple assault.[1] Hepding challenges the trial court's decision to hold a restitution hearing *in absentia*. After careful review, we affirm.

The trial court set forth the relevant factual and procedural history:

On October 7, 2021, at approximately 9:37 p.m., Officer Justin Remington Main of the York Area Regional Police Department responded to a report of a fight at 130 N. Cheviot Way in Windsor Township. The victim, Eric Maloney ("Victim"), reported he was having a conversation with Defendant, Eva Hepding [("Hepding")] and Co-Defendant, Michael Mak [("Mak")] regarding his concerns about a child being left outside unsupervised for an extended period of time. During the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2701(a)(1).

conversation, Victim told [Hepding] and [Mak] that he would be calling the police, at which time both individuals attacked Victim.

Victim reported that [Mak] "began punching him in the stomach repeatedly" and [Hepding] "attempted to kick him in the groin before jumping on his back" and "wrapped her arms around his shoulders and neck." At this time, witnesses helped pull Victim away from [Hepding] and [Mak] who subsequently went inside their residence located at 130 N. Cheviot Way.

[Hepding] was charged with [s]imple [a]ssault, pursuant to 18 Pa.C.S.A. § 2701(a)(1), and [h]arassment, pursuant to 18 Pa.C.S.A. § 2709(a)(1).

On March 9, 2023, a plea and sentencing hearing took place before this [c]ourt, at which time [Hepding] pleaded *nolo contendere* to count one, [s]imple [a]ssault. [Hepding] was represented by counsel, Brittney Zeller, Esquire ("Attorney Zeller"). Prior to entering the plea, a discussion occurred on the record regarding the amount of restitution sought by the Commonwealth. At this time, the parties agreed that a restitution hearing would be held at a later date to allow the Commonwealth to provide additional documentation.

[Hepding] was sentenced pursuant to the plea agreement to one year of probation, costs, and ordered to have no contact with Victim. Restitution was ordered, with the amount subject to change at the restitution hearing. The amount requested by the Commonwealth was placed on the record as $7,255.74 to be paid to Amwins Connect Administration, and $1,705.35 to be paid to Victim. The restitution hearing was scheduled for May 23, 2023.

On May 19, 2023, the Commonwealth filed an unopposed [m]otion to [c]ontinue the restitution hearing, seeking additional time to obtain the complete medical documentation in support of its restitution claim. Th[e trial c]ourt granted the motion and rescheduled the hearing for July 26, 2023.

On July 22, 2023, [Hepding] filed a [m]otion to [c]ontinue the restitution hearing due to defense counsel's unavailability. Th[e trial c]ourt granted the motion and rescheduled the restitution hearing for August 10, 2023.

On August 10, 2023, the parties appeared before th[e trial c]ourt for the scheduled restitution hearing. [Hepding's] counsel, Attorney Zeller, was in trial at the time of the hearing. [Hepding] was present with stand-in counsel, Maribeth Collins, Esquire. Th[e trial c]ourt continued the hearing to September 14, 2023, to allow Attorney Zeller to be present for the hearing.

On September 14, 2023, counsel appeared before th[e trial c]ourt for the restitution hearing. Both [Hepding] and [Mak] failed to appear. Th[e trial c]ourt ordered restitution according to the Commonwealth's request, totaling $1,705.[35] with each Defendant to pay a *pro rata* share of $852.68.

On September 19, 2023, [Hepding] filed a [m]otion for [r]econsideration of [r]estitution. On September 22, 2023, th[e trial c]ourt denied the motion.

On October 16, 2023, [Hepding] filed a [n]otice of [a]ppeal to [this Court]. On October 17, 2023, th[e trial c]ourt directed [Hepding] to file a [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925(b).

Trial Court Opinion, 12/21/23, at 1-4 (record citations and internal brackets omitted). Hepding complied with the trial court's order and filed a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).

Hepding raises one claim: "Whether the [trial] court erred in denying Hepding's motion for reconsideration of the restitution and a new hearing on the matter after holding a restitution hearing *in absentia*?" Appellant's Brief, at 4. Specifically, Hepding alleges she put forth a good cause for her failure to appear for the restitution hearing in her motion to reconsider, entitling her to a new restitution hearing. **See *id.*** at 12-13. We disagree.

Before we address the merits of Hepding's issue, we must address the Commonwealth's contention the issue is waived. **See** Appellee's Brief, at 8-9.

- 3 -

The Commonwealth asserts Hepding waived her claim because defense counsel failed to object to proceeding *in absentia* at the hearing on September 14, 2023. **See id.** at 9. We agree that is the standard counsel should have followed, as we consistently have held "[o]ne must object to errors, improprieties or irregularities at the earliest possible stage of the criminal adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter." **Commonwealth v. Rosser**, 135 A.3d 1077, 1086 (Pa. Super. 2016) (*en banc*) (citation and ellipsis omitted).

However, we have declined to find waiver in instances similar to the present case. **See, e.g.**, **Commonwealth v. Santiago**, 822 A.2d 716, 723 (Pa. Super. 2003). In **Santiago**, we declined to find waiver regarding a reconsideration motion that raised the law of the case doctrine. **See id.** This Court noted that because "[o]ne of the main purposes of the waiver doctrine is to ensure that the appellate court is provided with the benefit of the trial court's reasoning" and when the Court has the benefit of the trial court's reasoning, we may decline to find the claim waived. **Id.** (citation omitted). We believe the same is applicable here. "[T]he objection was not made in a procedurally proper manner" but Hepding did file a timely motion for reconsideration and the trial court addressed its reason for denying the motion in its Rule 1925 opinion. **Id.** We therefore decline to find the issue waived.

A defendant has a right to be present at trial and sentencing. **See Commonwealth v. DeCosta**, 197 A.3d 813, 816 (Pa. Super. 2018); Pa.R.Crim.P. 602(A). Rule 602 provides "[t]he defendant shall be present at every stage of the trial including the impaneling of the jury and return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule."[2] Pa.R.Crim.P. 602(A). Restitution is a sentence. **See Commonwealth v. Stradley**, 50 A.3d 769, 771 (Pa. Super. 2012). "The only exception provided by Rule 602 is where the defendant is absent without cause." **DeCosta**, 197 A.3d at 816 (quotation marks, ellipsis, and citation omitted).

It is the Commonwealth's burden to prove the defendant is absent without cause, by a preponderance of the evidence. **See Commonwealth v. Hill**, 737 A.2d 255, 259 (Pa. Super. 1999). In determining whether cause exists, we will examine whether a defendant was aware of the charges, the date scheduled for the hearing or if she was absent involuntarily. **See id.**;

_____

[2] To the extent Hepding asserts the trial court violated her constitutional right to be present at the restitution hearing under Article I, Section 9 of the Pennsylvania Constitution, we find the argument waived for failure to raise it with the trial court. **See** Appellant's Brief, at 10-11; Rule 1925(b) Statement, 11/28/23 (unpaginated) (Hepding asserted the trial court erred under Rule 602); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Unlike Hepding's claim regarding Rule 602, at no point did Hepding raise a constitutional argument with the trial court.

*Commonwealth v. Hilburn*, 746 A.2d 1146, 1149 (Pa. Super. 2000) (noting the same analysis is used for sentencing *in absentia* as trial *in absentia*).

In regards to trial *in absentia*, our Supreme Court noted:

> A defendant who is released on bail before trial gives the court his or her assurance that he or she will stand trial and submit to sentencing if found guilty. Unless the defendant is prevented from attending the proceedings for reasons beyond his or her control, then the defendant is expected to be present at all stages of the trial. A defendant owes the court an affirmative duty to advise if he or she will be absent. If a defendant has a valid reason for failing to appear, for example, if he or she has a medical emergency or is called to leave because of a family emergency, then the defendant can alert the court personally or through counsel of the problem. When, however, the defendant leaves the trial abruptly, without an explanation to either his lawyer or the court, this may be regarded as an absence without cause.

*Commonwealth v. Wilson*, 712 A.2d 735, 738 (Pa. 1998) (citations omitted).

We review the decision to hold the restitution hearing *in absentia* for an abuse of discretion. *See Commonwealth v. Bond*, 693 A.2d 220, 223 (Pa. Super. 1997) (finding no abuse of discretion in trial court's decision to hold trial and sentencing *in absentia*). "Discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record." *Commonwealth v. Pantano*, 836 A.2d 948, 950 (Pa. Super. 2003) (citation omitted).

The Commonwealth argues the trial court properly proceeded *in absentia* because Hepding had notice of the court date but failed to appear for

the restitution hearing as directed or to give a reason for her absence until after the fact. The trial court agreed, noting its reasons for denying Hepding's motion for reconsideration in its Rule 1925(a) opinion:

> Here, [Hepding] was present with counsel at earlier proceedings, including the hearing on August 10, 2023, at which time [Hepding] was informed in court that the restitution hearing would take place on September 14, 2023. [Hepding] failed to appear for the restitution hearing and did not provide the [c]ourt with any reason for her failure to appear until five days after the hearing concluded, when [Hepding] filed a motion asserting that she could not appear due to issues with childcare. Accordingly, the [c]ourt properly determined, at the time of the restitution hearing, that [Hepding's] failure to appear was without cause and ordered restitution *in absentia*.

Trial Court Opinion, 12/21/23, at 6-7.

We find no abuse of discretion. Hepding was aware of the charges, as she had already pled *nolo contendere*. She was informed of the scheduled court date in open court but failed to appear. She did not notify her counsel nor the court before the scheduled hearing of her impending absence. Hepding waited five days to file a motion requesting a new hearing asserting she did not appear "due to issues with childcare." Motion for Reconsideration, 9/19/23 (unpaginated). Hepding gave no further explanation. She did not assert any family emergency nor explain why the child(ren) could not be brought to court with her, as the Commonwealth asserts is a common occurrence. **See** Appellee's Brief, at 11. Because the evidence clearly establishes Hepding was absent voluntarily, with no valid reason for her failure to appear, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/22/2024