J-S34009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANGEL LUIS VIERA | : | |
| Appellant | : | No. 192 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 16, 2025
In the Court of Common Pleas of Lancaster County
Criminal Division at No:  CP-36-CR-0001121-2023

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED: FEBRUARY 27, 2026**

Appellant, Angel Luis Viera, appeals from his judgment of sentence of 27-54 months' imprisonment for possession of a controlled substance with intent to deliver (PWID) and conspiracy to commit PWID.  Appellant was convicted *in absentia* after failing to appear for trial.  He now requests us to reverse his judgment of sentence and remand for a new trial on the ground that the trial court failed to inform him of the date of trial and failed to advise him that trial would take place in his absence if he failed to appear.  We affirm.

In late 2022, Appellant was arrested and charged with the above offenses.  On January 3, 2023, he was released on bail of $5,000.00.  Appellant waived his arraignment, and the Commonwealth filed an information charging Appellant with the above offenses.

The Public Defender's Office represented Appellant until November 28, 2023, when Jonathan Chieppor, Esquire was assigned as stand-by counsel.[1]

Several status hearings took place during 2023. Each time a status hearing was scheduled, the court clerk sent Appellant a form entitled "Notice of Status Conference" at Appellant's address, 608 St Joseph Street, Lancaster, PA 17603.[2] **See** Certified Record, Notices Dated 4/13/23, 5/17/23, 7/6/23, 9/14/23, 11/8/23, 1/11/24. Each of these notices stated, *inter alia*, "If you fail to appear without cause at any proceeding for which your presence is required, including trial, your absence may be deemed a waiver of your right to be present, and the proceeding, including the trial, may be conducted in your absence."

On December 13, 2023, Appellant was present in court for a status hearing. The Commonwealth offered Appellant a plea bargain of 2½-5 years' imprisonment, but Appellant did not accept the offer. The court stated that trial would take place in "February" without stating the day in February when trial would begin. N.T., 12/13/23, at 15-16.

In an order signed on December 13, 2023, and docketed on December 15, 2023, the court scheduled trial for February 7, 2024, at 9:00 a.m. in Courtroom 6 of the Lancaster County Courthouse. The order indicates that

---

[1] It appears that at some point in the proceedings, Appellant expressed the desire to represent himself.

[2] The clerk also sent several of these notices to Appellant in a local prison, since Appellant was occasionally incarcerated during these proceedings.

the clerk sent a copy of the order to Appellant at 935 E King St, Lancaster, PA 17602.

On December 21, 2023, a bench warrant was issued for Appellant's arrest because of new charges and his violation of bail conditions. On January 5, 2024, Appellant appeared for a bench warrant hearing. The court vacated the bench warrant and reinstated Appellant's bail without discussing the trial date of February 7, 2024.

On January 11, 2024, the clerk of court mailed Appellant a notice of a status hearing on January 26, 2024, at Appellant's address, 608 St. Joseph Street, Lancaster, PA 17603. This notice, like previous notices, stated that trial could take place in Appellant's absence if he failed to appear for the hearing.

On January 24, 2024, the court again revoked Appellant's bail and issued a bench warrant. The court indicated in its Pa.R.A.P. 1925 opinion that it took these steps because Appellant again violated bail conditions.

On January 26, 2024, the scheduled date of the status hearing, Appellant failed to appear at the call of the list. The prosecutor stated that trial was scheduled for February 7, 2024, and added, "And I do know, in speaking with Attorney Chieppor, that he did tell him that we are scheduled for the date certain on February 7th." N.T., 1/26/24, at 2. Attorney Chieppor replied, "That's true," and acknowledged that he informed Appellant about the trial date before the issuance of the bench warrant. *Id.* The hearing concluded without any change in the trial date of February 7, 2024.

On February 7, 2024, Appellant failed to appear for trial. The court denied Attorney Chieppor's motion for continuance, stating that "we. . .gave him notice as to when his trial date was. In fact, we went out of our way to give him a set trial date of February 7th, 2024. He acknowledged that the last time we saw him in court, and now he's failed to appear." N.T., 2/7/24, at 5. The court denied the motion for continuance and held trial *in absentia*. The jury found Appellant guilty of all charges.

Subsequently, Appellant was arrested. On January 16, 2025, the court entered sentence. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal, "Did the trial court commit abuse of discretion when it proceeded to trial in Appellant's absence when the record is devoid of actual notice and Appellant was released from incarceration, thus unable to receive notice[?]" Appellant's Brief at 4. Appellant requests a new trial on the ground that he did not receive notice of the trial date of February 7, 2024, or notice of the consequences if he failed to appear for trial. No relief is due.

The defendant's right to be present at trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution; and Pennsylvania Rule of Criminal Procedure 602(a). **See**, **e.g.**, **Taylor v. United States**, 414 U.S. 17, 20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); **Illinois v. Allen**, 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); **Commonwealth v. Tizer**, 684 A.2d 597, 604 (Pa.

Super. 1996).  This right may be waived either impliedly, via the defendant's actions, or expressly.  *See*, *e.g.*, *Commonwealth v. Sullens*, 533 Pa. 99, 102, 619 A.2d 1349, 1351 (1992).

Similarly, the Rules of Criminal Procedure provide that the defendant shall be present during trial but may waive this right if he is absent without cause:

> The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.  The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602.

The defendant may be tried *in absentia* when the Commonwealth demonstrates by a preponderance of the evidence that he is absent without cause and that he knowingly and intelligently waived his right to be present. *Commonwealth v. Hill*, 737 A.2d 255, 259 (Pa. Super. 1999).  We review the court's decision to hold trial *in absentia* for abuse of discretion. *Commonwealth v. Bond*, 693 A.2d 220, 223 (Pa. Super. 1997).  "The judge's recollection and defense counsel's statements provide[] an adequate basis for the court to make a factual finding that [the defendant] had notice of his trial date." *Sullens*, 619 A.2d at 1352.

In the present case, we conclude that the court acted within its discretion by ordering trial in Appellant's absence.  We acknowledge that the

court did not state explicitly during the December 13, 2023, hearing that trial would take place on February 7, 2024. The court only stated that trial would take place in "February." Nevertheless, the court subsequently issued an order scheduling trial for February 7, 2024, and Appellant's attorney admitted on the record that he informed Appellant about his trial date of February 7, 2024. Thus, Appellant had advance notice of the trial date. *Sullens*, 619 A.2d at 1352. In addition, the record demonstrates that Appellant was on notice of the consequences of failure to appear for court dates. No fewer than six notices mailed to Appellant by the court warned Appellant that trial could take place in his absence if he failed to appear for a scheduled hearing. There is no evidence that Appellant did not receive these notices; nor does he contend in his appellate brief that he did not receive them. The record supports the conclusion that the Commonwealth satisfied its burden of proving that Appellant was absent without cause and that he knowingly and intelligently waived his right to be present at trial.

Appellant argues that the court ran afoul of Pennsylvania Rule of Criminal Procedure 408 by proceeding to trial in Appellant's absence. Rule 408 has no bearing on this case, because it prescribes procedures following issuance of citations in summary cases. This is not a summary case; it is a court case arising from commission of drug-related felonies.

Appellant also argues that the Commonwealth failed to exercise "due diligence . . . to ensure that Appellant was aware of his court date." Appellant's Brief at 13. Appellant contrasts his case with *Commonwealth v.*

***Hilburn***, 746 A.2d 1146 (Pa. Super. 2000), in which sheriffs visited the defendant's residence fifteen or sixteen times in an attempt to notify him of his sentencing hearing. ***Id.*** at 1150. While these efforts were praiseworthy, ***Hilburn*** does not require the Commonwealth to go to such lengths to justify proceedings *in absentia*. The efforts taken in the present case were not as extensive as in ***Hilburn***, but they were still sufficient to satisfy the standards embodied in the United States and Pennsylvania Constitutions as well as in Rule 602.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2026