J-S02043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RONALD ROY WICKIZER, JR. :
:
Appellant : No. 1093 MDA 2022

Appeal from the Judgment of Sentence Entered July 11, 2022
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0001265-2019

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED: APRIL 17, 2023**

Appellant, Ronald Roy Wickizer, Jr., appeals from the judgment of sentence imposed after a jury found him guilty *in absentia* of Indecent Assault of a Person Less than 16 years of Age, Attempted Indecent Assault of a Person Less than 16 years of Age, and Corruption of Minors.[1] He alleges the court abused its discretion in finding his failure to appear for trial to be without cause and violated his constitutional right to be present by proceeding with trial in his absence. After careful review, we affirm.

We need not reiterate the details of Appellant's underlying crime for purposes of this appeal. In sum, the Commonwealth arrested Appellant in

---

[1] 18 Pa.C.S. §§ 3126(a)(8), 901(a), and 6301(a)(1)(i), respectively.

July 2019 in connection with the sexual assault of his 14-year-old niece.[2] The court set bail on July 23, 2019. After the Commonwealth filed a criminal information on September 20, 2019, Appellant filed a Motion for Modification of Bail and a Petition for a writ of habeas corpus. The court denied the bail modification motion in October 2019 and the habeas corpus petition on March 3, 2020. Appellant posted bail on April 16, 2020. The court scheduled a pre-trial conference for January 4, 2021. On December 28, the court granted Appellant a continuance and the court rescheduled the conference for March 22, 2021.

On March 22, 2021, Appellant failed to appear at the pre-trial conference. The court issued a bench warrant on March 23, 2021, which it lifted on March 24, 2021, after Appellant appeared before the court. Appellant continued to be released on bail.

The court continued the pre-trial conference to May 7, 2021. Following that conference, the court scheduled jury selection for June 7, 2021.

On June 7, 2021, the parties picked the jury. Appellant was present during jury selection, having gotten a ride from a friend. At the end of the day, the court empaneled the jury and informed Appellant, his counsel, and the prosecution that trial would commence the next morning at 9:00 a.m.

_____

[2] At the time of his arrest in this case, Appellant had an outstanding arrest warrant for failing to appear at a probation meeting. Appellant was required to register as a sex offender as a result of a prior conviction for indecent sexual assault of a minor.

The next day, June 8, 2021, Appellant failed to appear. His counsel asked his office secretary to call Appellant. Appellant told her that his car would not start. After the court indicated that it was going to proceed with the trial because the jury and witnesses were ready, the court allowed Appellant's counsel to step out to tell his secretary to call Appellant and tell him to find a way to get to the courthouse. Appellant did not respond to the secretary's second phone call; Appellant did not contact the court or his counsel.

Prior to the Commonwealth calling its first witness, the court held a sidebar conference where Appellant's counsel objected to proceeding without Appellant.[3] The Commonwealth responded that Appellant had been in court the previous day for jury selection and knew trial would begin that day. It also noted that the victim and her mother arrived by cab that morning from the same town where Appellant lives. The court overruled the objection and trial proceeded.

The Commonwealth presented testimony from the victim's mother, the victim, and the sexual assault nurse examiner.[4] Prior to the Commonwealth presenting testimony from the investigating police officer, the court again held a sidebar conference and asked Appellant's counsel if he had spoken to Appellant at all that morning. Counsel replied that he had not. The court then

---

[3] Counsel did not request a continuance. *See* N.T., 6/8/21, at 21.

[4] Appellant's counsel thoroughly cross-examined each witness.

stated that because the case was two years old and Appellant had been in court the day before in seemingly good health, it could "find no legitimate reason" for Appellant not to attend trial. N.T., 6/8/21, at 48. The trial proceeded with the testimony of the investigating police officer.

The court then recessed for lunch, after which the judge met in chambers with the attorneys and court reporter to address again Appellant's absence. After hearing argument, the court concluded that, in light of Appellant's history of failing to appear in court and because Appellant had been able to get a ride to court the previous day with other people, "it's unfathomable to me that he could not find a ride to get here for his own trial today." N.T. at 64. The court then concluded Appellant's absence was "willful" and proceeded with trial. *Id*. After a forensic expert testified, the Commonwealth rested. Appellant's counsel presented no witnesses.

The jury found Appellant guilty of the above offenses.[5] On June 16, 2021, the court ordered a pre-sentence investigation and scheduled sentencing for August 30, 2021.[6]

---

[5] Following the verdict on June 8, 2021, the court issued a bench warrant and reinstated bail in the amount of $50,000 straight cash. Appellant "was ultimately apprehended while driving a vehicle over three [] hours away from his residence, in Franklin County." Trial Ct. Op., filed 9/19/22, at 2 (unpaginated). On June 17, 2021, the court lifted the bench warrant and Appellant remained incarcerated.

[6] After scheduling sentencing for August 30, 2021, the court directed the Sexual Offenders Assessment Board to conduct an assessment. The Board deemed Appellant to be a sexually violent predator (SVP) and the
*(Footnote Continued Next Page)*

On July 11, 2022, the court held a sentencing hearing, where Appellant appeared with counsel. The court imposed an aggregate term of 4½ to 10 years' incarceration.[7]

Appellant timely appealed. Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Was [Appellant] denied both his federal and state constitutional rights to be present at trial under the Sixth Amendment of the United States Constitution and Article 1 Section 9 of the Pennsylvania Constitution when the trial court conducted his jury trial *in absentia* when [Appellant] did not voluntarily absent himself from the trial nor was he absent without cause from his trial[?]

Appellant's Br. at 6.

Appellant avers that "the trial court abused its discretion in finding that [he] was willfully absent and proceeding with the trial without him present because the record does not support that finding." Appellant's Br. at 10. He acknowledges that defendants in non-capital cases may waive their right to

---

Commonwealth requested a SVP hearing prior to sentencing. Appellant subsequently received a continuance to obtain an expert to review the SOAB's report. The court granted a continuance to January 26, 2022. The record indicates nothing happened in Appellant's case on January 26, 2022. In May 2022, the Commonwealth filed a motion for sentencing, and the court scheduled sentencing for June 27, 2022. On that day, the judge was ill and the court rescheduled sentencing to July 11, 2022.

[7] After Appellant's counsel represented that Appellant is a lifetime registrant because he had a prior conviction for a sexual offense, the court did not hold an SVP hearing.

be present expressly or implicitly through their actions and that a "defendant absent without cause at the time his trial is to begin may be tried *in absentia*." *Id*. at 9, citing **Commonwealth v. Ford**, 650 A.2d 433 (Pa. 1994) and **Commonwealth v. Sullens**, 619 A.2d 1349 (Pa. 1992).  He concludes that his absence was with cause and, therefore, the court's conclusion that his absence was voluntary is not supported by the record. Appellant's Br. at 10.

A person accused of a crime has a constitutional right[8] to be present at every stage of a criminal trial.  Whether the defendant has been denied the right to be present at trial is a question of law for which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Tejada**, 161 A.3d 313, 317 (Pa. Super. 2017).

In non-capital cases, a defendant may, by his actions, waive his constitutional right to be present at trial expressly or implicitly. **Commonwealth v. Wilson**, 712 A.2d 735, 737 (Pa. 1998).  A "defendant may be tried *in absentia* if he or she is absent without cause when the trial is scheduled to begin or if the defendant absconds without cause after the trial

---

[8] *See* U.S. Const., VI Amend; Pa. Const., Art. 1, § 9.  Appellant has made no attempt to provide an analysis of his state constitutional right pursuant to **Commonwealth v. Edmunds**, 586 A.2d 887 (Pa. 1991), nor has he explained how the Pennsylvania Constitution differs from the federal constitution.  He has, thus, waived his claim that the court's holding trial notwithstanding his absence violated the Pennsylvania Constitution. **See**, **e.g.**, **Commonwealth v. Bond**, 693 A.2d 220, 224-25 (Pa. Super. 1997) (same).

commences." *Commonwealth v. Faulk*, 928 A.2d 1061, 1066 (Pa. Super. 2007) (citations omitted).

Where a defendant has notice of the trial date and fails to appear, the court may properly find that he voluntarily waived his right to be present and may proceed to try him *in absentia*, unless there is cause for his absence. *Commonwealth v. Johnson*, 734 A.2d 864, 866-868 (Pa. Super. 1999). **See also** Pa.R.Crim.P. 602(A) (providing that "the defendant's absence without cause at the time scheduled for the start of trial … shall not preclude proceeding with the trial[.]"). We review a court's determination that a defendant's absence was without cause for an abuse of discretion. *Commonwealth v. DeCosta*, 197 A.3d 813, 816 (Pa. Super. 2018).

The Commonwealth has the burden of proving, "by a preponderance of the evidence[,] that the defendant is absent 'without cause' and that he knowingly and intelligently waived his right to be present[.]" *Commonwealth v Hill*, 737 A.2d 255, 259 (Pa. Super. 1999). **See, e.g.**, **Decosta**, **supra** (reversing the trial court after concluding the Commonwealth had not proven that the defendant's absence from the reading of the verdict was without cause since the defendant had been hospitalized during jury deliberations).

Where a defendant fails to appear after the jury has been empaneled, Pennsylvania courts have consistently held that a trial court may, in its discretion, conduct a trial *in absentia. **See**, **e.g.**, **Commonwealth v. Flores**,*

921 A.2d 517, 525 (Pa. Super. 2007) (*overruled on other grounds*) (affirming trial court's decision to conduct trial *in absentia* where defendant failed to return following jury selection and later blamed his absence on car trouble, an excuse the court found not credible); ***Commonwealth v. Clark***, 407 A.2d 28, 30-31 (Pa. Super. 1979) (holding that trial *in absentia* was proper where defendant had been present for the empaneling of jury, but then absconded); ***Commonwealth v. Graham***, 375 A.2d 161, 162 (Pa. Super. 1977) (permitting trial *in absentia* where the defendant was present when the jury was selected in the morning but failed to return after lunch break).

Here, the trial court found that Appellant's actions following jury selection demonstrated that his absence was willful:

> In the case at bar[, Appellant] was present during jury selection and knew his trial was to commence the following morning. On the morning of the trial he did not contact anyone to inform the Court that he was experiencing car trouble. In fact, his attorney's office had to contact him [to] find out why he was not present. There was no further indication that [Appellant] made any effort to attend his own trial. Ultimately, after his conviction he was apprehended over three and one-half [] hours away in Franklin County, PA.

Tr. Ct. Op., at 2.

In his brief, Appellant does not dispute that he made no effort to contact counsel or the court on the morning of trial. ***See*** Appellant's Br. at 9-10. Although Appellant reiterates some of the discussions that occurred before and during his trial between the attorneys and the court pertaining to his absence, he does not address the court's reasoning for finding the basis for

Appellant's absence to be "unfathomable" and "not legitimate." N.T. at 48, 64. Significantly, Appellant fails to acknowledge legal precedent that allows a court to conduct a trial *in absentia* where the defendant had notice of the day and time for trial and had been present when the jury was empaneled.

Appellant's failure to contact counsel or the court on the day of trial, his prior history of failing to appear, and his failure to make any effort to find alternative transportation as he had done the day before supports the court's reasonable inference that Appellant implicitly waived his right to be present at trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/17/2023